FILED
United States Court of Appeals
Tenth Circuit

May 2, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LAWRENCE L. LUCERO,

      Defendant - Appellant.

No. 13-2084

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:12-CR-01662-WJ-1)**

Marc H. Robert, Assistant Federal Public Defender, Office of the Federal Public Defender for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellant.

Dean Tuckman, Assistant United States Attorney (Steven C. Yarbrough, Acting United States Attorney, and James R.W. Braun, Assistant United States Attorney, on the brief), Office of the United States Attorney for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellee.

Before **LUCERO, GORSUCH,** and **MATHESON,** Circuit Judges.

**MATHESON**, Circuit Judge.

Lawrence Lucero pled guilty to three counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256, and two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.

At sentencing, the district court increased Mr. Lucero's offense level by five based on § 2G2.2(b)(5) of the United States Sentencing Guidelines (the "Guidelines") for having engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. Mr. Lucero triggered this increase by admitting to sexually touching two young nieces in the 1960s and 1970s. He was sentenced to 78 months in prison—the lower limit of his Guidelines range—followed by 15 years supervised release.

Mr. Lucero now appeals his sentence as both procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

### A. *Factual Background*

In March 2012, Mr. Lucero worked as a social worker at the Community Based Outpatient Clinic, which provides social services to military veterans for the Veterans Administration (the "VA"). Mr. Lucero had offices in both Espanola and Las Vegas, New Mexico.

On March 28, 2012, the VA's Office of the Inspector General (the "OIG") conducted a random search of the VA's computer network to verify that employees were adhering to the VA's computer policies. The search revealed that one of Mr. Lucero's

computers had accessed numerous questionable websites that appeared to contain child pornography.

On April 4, 2012, the OIG searched the computers in both of Mr. Lucero's offices. The OIG uncovered 91 sexually explicit images of pre-pubescent females, as well as several stories (written by unknown persons) describing incestuous acts with children.

On May 2, 2012, an OIG agent interrogated Mr. Lucero regarding these discoveries, and Mr. Lucero submitted to a polygraph examination. Mr. Lucero admitted he used his work computer to view and save child pornography from various websites, and he collected the stories about incest because he found them "stimulating." He also admitted to viewing child pornography for 20 years. Finally, Mr. Lucero told the OIG agent he had sexually molested two of his nieces in the late 1960s and early 1970s while in his twenties—between 35 and 40 years before the VA uncovered child pornography on his office computers.

According to Mr. Lucero, he "had no further incidents of sexual impropriety with minors following the incidents during the 1970's [sic]." Aplt. Br. at 5. Mr. Lucero received counseling in the 1980s when his family found out he abused his nieces. After this treatment, he "pursued a long career in social work." *Id.*

B. *Procedural Background*

1. **Guilty Plea and Presentence Report**

On July 10, 2012, a federal grand jury in the District of New Mexico indicted Mr. Lucero on three counts of receipt of visual depictions of minors engaged in sexually

explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256, and two

counts of possession of matter containing visual depictions of minors engaged in sexually

explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.

On December 4, 2012, Mr. Lucero pled guilty to the indictment without a plea

agreement.

On February 14, 2013, a probation officer issued a presentence report ("PSR")

calculating Mr. Lucero's Guidelines sentencing range at 78 to 97 months in prison. The

PSR set Mr. Lucero's base level at 22 pursuant to U.S.S.G. § 2G2.2, which states the

base level for child pornography offenses, including Mr. Lucero's. From there, the PSR

calculated Mr. Lucero's total offense level based on the following:

- A two-level decrease because his offense was limited to receipt and not distribution of child pornography, § 2G2.2(b)(1);
- A two-level increase because the material uncovered on his computers depicted pre-pubescent minors, § 2G2.2(b)(2);
- **A five-level increase because he engaged in a "pattern of activity" involving the sexual abuse of minors, including molesting his nieces, § 2G2.2(b)(5);**
- A two-level increase because his offense involved the use of a computer, § 2G2.2(b)(6);
- A two-level increase based on the number of images involved in the offense, § 2G2.2(b)(7)(A); and
- A three-level decrease for acceptance of responsibility, § 3E1.1.

Mr. Lucero's total offense level was 28, which, when paired with his criminal history

category of I (based on no prior criminal offenses), yielded a Guidelines range of 78 to 92

months in prison.

On March 22, 2013, Mr. Lucero filed a sentencing memorandum objecting to the PSR's application of § 2G2.2(b)(5), which calls for a five-level increase "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."[1]  The guideline defines "pattern of activity" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant . . . ."  U.S.S.G. § 2G2.2(b)(5), cmt. n.1.  The PSR applied this enhancement based on the two separate occasions on which Mr. Lucero admitted to having sexually touched his minor nieces.

In his memorandum, Mr. Lucero contended this enhancement was based on conduct that had "nothing to do with the present charges," and that any pattern of activity in Mr. Lucero's conduct "was broken when Mr. Lucero was confronted by his family and got treatment for his issues [in the 1980s]."  Suppl. ROA at 5.  As an alternative to recalculating the Guidelines range, Mr. Lucero requested a variance from the advisory range to a sentence of 60 months.  *See* 18 U.S.C. § 3553(a).

The U.S. Probation Office prepared an addendum to the PSR addressing Mr. Lucero's objections.  It noted Mr. Lucero had admitted to sexually touching two different nieces on two separate occasions, and that there is no time limit for the conduct to support a "pattern of activity" enhancement under § 2G2.2(b)(5).

---

[1] Mr. Lucero also objected to the two-level increase for use of a computer pursuant to § 2G2.2(b)(6).  The district court overruled that objection, and Mr. Lucero does not raise it again on appeal.

2. **Sentencing Hearing**

On April 4, 2013, the district court held a sentencing hearing at which Mr. Lucero repeated his objection to the § 2G2.2(b)(5) enhancement.

The district court overruled the objection, concluding the PSR properly applied the five-level enhancement based on Mr. Lucero's prior conduct as well as his other relevant history and characteristics:

> Paragraph 42, that's where the five-level enhancement was applied, and I spent a significant amount of time during the break really focusing in on this section and reviewing the arguments [in Mr. Lucero's sentencing memorandum]. It involved . . . a five-level enhancement applied on . . . what the Probation office considered a . . . pattern, and part of the objection was that it happened, you know, more than 40 years ago. But it also involved two children, and I gave this a lot of thought . . . in taking into account the history and characteristics of the defendant [who had an education and career in social work] . . . .
>
> So anyone with a Master's degree in social work . . . certainly would understand, you know, how this type of conduct, you know, victimizes children. . . .
>
> [T]aking into account your history and characteristics and really looking at this closely, I find that the probation officer in Paragraph 42 correctly applied a five-level enhancement.

ROA, Vol. III at 33-34.

After considering the sentencing factors listed in 18 U.S.C. § 3553(a), the district court also denied Mr. Lucero's request for a variance, concluding that a Guidelines-range sentence was appropriate based on Mr. Lucero's educational and professional background; the severity of his offenses and the impact on the victims of child pornography; the need to avoid unwarranted sentencing disparities; and policy

considerations. *Id.* at 35-37. The district court judge concluded, "taking into account the nature and circumstances of the offenses and the history and characteristics of the defendant, I will find that a sentence that is sufficient but not greater than necessary to satisfy the goals of sentencing is a sentence on the low end of the guidelines of 78 months . . . ." *Id.* at 36-37.

In accordance with Mr. Lucero's calculated Guidelines range, the district court imposed a sentence of 78 months in prison followed by 15 years supervised release.

## II. **DISCUSSION**

Mr. Lucero argues his sentence is both procedurally and substantively unreasonable. Specifically, he contends (1) the district court erred procedurally by applying the five-level enhancement under U.S.S.G. § 2G2.2(b)(5) based on conduct that occurred more than 35 years ago. He also argues (2) the district court should have granted him a downward variance based on the age of his pattern-of-activity conduct as well as his personal characteristics.

When a defendant has properly preserved his or her objection to a sentence, we review it "under an abuse of discretion standard for procedural and substantive reasonableness." *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013) (quotations omitted); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). We "must first ensure that the district court committed no significant procedural error . . . ." *Gall*, 552 U.S. at 51. If the district court's decision is "procedurally sound," we "then consider the substantive reasonableness of the sentence imposed." *Id.*

## A. *Procedural Unreasonableness*

Mr. Lucero contends his sentence is procedurally unreasonable because the district court should not have applied the pattern-of-activity enhancement under U.S.S.G. § 2G2.2(b)(5) based on remote-in-time conduct.

### 1. **Legal Framework**

"In general, a procedural challenge relates to the method by which the sentence is calculated." *United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011) (quotations omitted). The Supreme Court has identified specific procedural errors a sentencing court can commit, including incorrectly calculating or failing to calculate a Guidelines sentence; treating the Guidelines as mandatory rather than discretionary; failing to consider the statutory sentencing factors from 18 U.S.C. § 3553(a); relying on clearly erroneous facts; or failing to adequately explain the sentence. *Gall*, 552 U.S. at 51; *see also United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).

In this instance, Mr. Lucero contends the district court improperly applied the five-level pattern of activity enhancement from § 2G2.2(b)(5). His challenge therefore requires us to decide "whether the district court incorrectly calculated . . . the Guidelines sentence . . . ." *Huckins*, 529 F.3d at 1317.

### 2. **Standard of Review**

We ordinarily review procedural aspects of a district court's sentencing decision for abuse of discretion. *See United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). Under this standard, "we review de novo the district court's legal conclusions regarding

the guidelines and its factual findings for clear error." *Id.*

"If, however, [Mr. Lucero] did not preserve the procedural challenge below, we review only for plain error." *Id.* Under this standard, we "will only vacate the sentence if: (1) there is error; (2) that is plain; (3) that affects substantial rights, or in other words, affects the outcome of the proceeding; and (4) substantially affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013).

The parties in this case have disputed the applicable standard of review for Mr. Lucero's procedural unreasonableness claim. At the district court, Mr. Lucero objected to the PSR's application of the five-level "pattern of activity" enhancement because "[t]he 45 year old allegations of actual contact have nothing to do with the present charges," and "[i]f there was a pattern, it was 45 years ago." Suppl. ROA at 5. The Government argues this objection did not suffice to raise a procedural unreasonableness claim for appeal because Mr. Lucero

> did not make the argument he now makes on appeal, that this Court should read into the guidelines a time limit and a requirement that the prior conduct be related to the charged conduct. Rather, he appeared to be asking the court not to apply the enhancement out of a sense of fairness or as an exercise of discretion in applying the factors contained in 18 U.S.C. § 3553(a).

Aplee. Br. at 10 n.9. In addition, the Government points out, Mr. Lucero did not object orally at the sentencing hearing "to the manner in which the district court addressed his objection." *Id.* at 10-11 n.9. Because the nature of Mr. Lucero's objection to the

-9-

§ 2G2.2(b)(5) enhancement has changed, the Government contends, his objection was not properly preserved and can be reviewed only for plain error. *See Chavez*, 723 F.3d at 1232.

At oral argument, Mr. Lucero appears to have conceded that his procedural unreasonableness claim is limited to plain error review. *See* Oral Arg. Recording (3:03-3:35). We need not decide this issue, however, because Mr. Lucero's claim fails even under an abuse-of-discretion standard, as we now explain.

3. **Analysis**

Mr. Lucero argues his sentence is procedurally unreasonable because the district court erred in applying the § 2G2.2(b)(5) pattern-of-activity enhancement. He contends "that a reasonable time threshold should govern the applicability of the 'pattern' enhancement, and that the enhancement should also depend on some contextual relationship with the offense of conviction." Aplt. Br. at 10. Whether § 2G2.2(b)(5) contains a temporal or contextual limitation is a matter of first impression in this circuit. Based on the plain text of the Guideline and the teaching of other circuits, we conclude § 2G2.2(b)(5) may apply regardless of when the underlying pattern of activity occurred. The district court therefore did not abuse its discretion by applying the enhancement in Mr. Lucero's case.

a. *Plain text of U.S.S.G. § 2G2.2(b)(5)*

"We interpret the Sentencing Guidelines as if they were a statute or court rule." *United States v. Plotts*, 347 F.3d 873, 876 (10th Cir. 2003) (quotations omitted).

-10-

Accordingly, "[a]s with all statutory interpretation, we begin our analysis with the language of [the Guideline], giving the words their ordinary meaning." *Id.* (quotations omitted). We also look to "the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission," which is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Cornelio-Pena*, 435 F.3d 1279, 1283 (10th Cir. 2006) (quotations omitted). When the language of the guideline "is clear and unambiguous, it must be followed except in the most extraordinary situation where the language leads to an absurd result contrary to clear legislative intent." *Plotts*, 347 F.3d at 876.

U.S.S.G. § 2G2.2(b)(5) provides for a five-level increase in the base offense level for child pornography offenses "[i]f the defendant engaged in a pattern of activity involving the sexual abuse of exploitation of a minor . . . ." *Id.*

As the guideline's commentary explains,

"[p]attern of activity involving the sexual abuse or exploitation of a minor" means *any* combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2(b)(5), cmt. n.1 (emphasis added).

"Sexual abuse or exploitation of a minor" includes molestation and other physical abuse but "does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." *Id.* An

-11-

additional upward departure "may be warranted if the defendant received an enhancement under subsection (b)(5) but that enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved." *Id.* cmt. n.7.

The Guidelines also state that "an upward departure may be warranted" if § 2G2.2(b)(5) does not apply but "the defendant engaged in the sexual abuse or exploitation of a minor at *any time* . . . ." *Id.* cmt. n.7 (emphasis added).

We conclude the plain text of § 2G2.2(b)(5) and its accompanying commentary unambiguously authorize sentencing courts to apply the pattern-of-activity enhancement regardless of when the conduct underlying it occurred.

The guideline and the commentary do not include any temporal limitations. On the contrary, § 2G2.2(b)(5) plainly states that the enhancement applies "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor . . . ." *Id.* It does not qualify this condition with an additional time-based or contextual requirement.

Furthermore, the commentary to § 2G2.2(b)(5) makes clear that the pattern of activity need not be contextually related to the offense for which the defendant is being sentenced because it need not have occurred at the same time as the offense of conviction or "involved the same minor." *Id.* cmt. n.1.

In addition, the Guidelines commentary provides that "an upward departure may be warranted" even in cases where § 2G2.2(b)(5) does not apply but the defendant nevertheless "engaged in the sexual abuse or exploitation of a minor *at any time* . . . ."

-12-

*Id.* cmt. n.7 (emphasis added). This provision suggests an upward departure for abuse is appropriate regardless of when the abuse happened. It naturally follows that the corresponding enhancement for a *pattern* of sexual abuse would also apply regardless of when it occurred, particularly because the commentary to § 2G2.2(b)(5) specifies that the pattern of abuse need not be related to the offense of conviction. *Id.* cmt. n.1.

Mr. Lucero admits § 2G2.2(b)(5) and its accompanying commentary do not contain temporal limitations, but he nonetheless encourages us to read a time limit into § 2G2.2(b)(5) because (1) the guideline does not explicitly instruct sentencing courts to apply the enhancement regardless of when the underlying conduct occurred; and (2) other provisions in the Guidelines contain temporal limitations. Both arguments are unavailing.

First, Mr. Lucero is correct that the guideline does not specify that the § 2G2.2(b)(5) enhancement applies "if the pattern of activity was engaged in 'at any time in the defendant's life' or 'notwithstanding the time of engagement in the pattern of activity,' or even 'regardless of whether the pattern of activity was related in any way to the offense of conviction.'" Aplt. Br. at 11. Mr. Lucero contends the guideline's silence on these points leaves us free to hold that the conduct supporting a pattern-of-activity enhancement must be related or temporally close to the offense of conviction. But we cannot and will not read a temporal limitation into the guideline when the Sentencing Commission has not done so.

-13-

Second, as Mr. Lucero correctly points out, other provisions in the Guidelines contain temporal limitations on conduct that can be used to support an enhancement. For instance, the criminal history guidelines provide that old convictions—more than 15 or 10 years depending on the resulting sentence—do not add criminal history points. *See* U.S.S.G. § 4A1.1(a)-(c), & cmt. nn.1-3. Old convictions also do not count for purposes of the "career offender" classification, § 4B1.2(c), or enhancements for offenders with prior felony convictions illegally re-entering the United States, § 2L1.2(b)(1)(A). Mr. Lucero contends these provisions demonstrate the Guidelines recognize that prior conduct loses relevance with the passage of time, and therefore we should recognize decreased relevance for remote-in-time patterns of activity under § 2G2.2(b)(5) as well.

We disagree. It is a well-settled principle of statutory construction that when Congress (or, as here, the Sentencing Commission) "includes particular language in one section of" a statute or Guideline, "it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (quotations omitted). The Sentencing Commission knew how to include a temporal limitation in § 2G2.2(b)(5). Because it did so in other Guidelines but did not do so here, we can presume this omission was deliberate.

In short, the plain text of § 2G2.2(b)(5) does not include any age limit on the conduct that can be used to support a pattern-of-activity enhancement.

-14-

b. *Other circuits*

Our conclusion and reasoning are consistent with the nine other circuits that have considered whether § 2G2.2(b)(5) can apply based on a pattern of activity that occurred far in the past. All have held that § 2G2.2(b)(5) does not contain any temporal limitation.[2] *See United States v. Woodward*, 277 F.3d 87, 90-92 (1st Cir. 2002) (affirming enhancement based on conduct occurring more than 20 years earlier); *United States v. Reingold*, 731 F.3d 204, 223-24 (2d Cir. 2013) (reversing the district court's refusal to apply the enhancement based on conduct occurring a few years earlier and noting that the circuits "have uniformly concluded that no temporal proximity among acts of sexual abuse or exploitation is required to satisfy the pattern requirement of § 2G2.2(b)(5)"); *United States v. Olfano*, 503 F.3d 240, 243 (3d Cir. 2007) (affirming enhancement based on conduct occurring 13 and 16 years earlier, and noting that "there is no temporal nexus necessary to establish a pattern of activity of sexual abuse or exploitation of a minor"); *United States v. Bacon*, 646 F.3d 218, 220-21 (5th Cir. 2011) (per curiam) (affirming enhancement based on conduct occurring 30 years earlier because "remote-in-time conduct is relevant to § 2G2.2's 'pattern of activity' enhancement"); *United States v. Gawthrop*, 310 F.3d 405, 413-14 (6th Cir. 2002) (affirming enhancement based on conduct occurring 11 years earlier); *United States v. Lovaas*, 241 F.3d 900, 903-

_____

[2] A few of these cases interpreted the predecessor to § 2G2.2(b)(5), then called § 2G2.2(b)(4), which used identical language to what is now § 2G2.2(b)(5). *See, e.g.*, *United States v. Woodward*, 277 F.3d 87, 90-92 (1st Cir. 2002).

04 (7th Cir. 2001) (affirming enhancement based on "decades-old" conduct); *United States v. Woodard*, 694 F.3d 950, 953-54 (8th Cir. 2012) (affirming enhancement based on conduct occurring 19 years earlier because "§ 2G2.2(b)(5) contains no temporal limitation"); *United States v. Garner*, 490 F.3d 739, 742-43 (9th Cir. 2007) (affirming enhancement based on conduct occurring "at least" 35 years earlier because § 2G2.2(b) "obviously intends to cast a wide net to draw in any conceivable history of sexual abuse or exploitation of children"); *United States v. Turner*, 626 F.3d 566, 572-73 (11th Cir. 2010) (affirming enhancement based on conduct occurring at least 20 years earlier).

Notably, these cases generally rely on the plain text of the guideline. *See, e.g.*, *Woodard*, 694 F.3d at 953-54 ("[Section] 2G2.2(b)(5) contains no temporal limitation."); *Bacon*, 646 F.3d at 221 ("[T]he plain language of § 2G2.2(b)(5) and its commentary do not require that the 'pattern of activity' must be temporally close to the offense of conviction."); *Garner*, 490 F.3d at 743 ("The plain language of the Commentary to § 2G2.2 eliminates the need for any temporal or factual nexus between the offense of conviction and any prior act of sexual abuse or exploitation."); *Turner*, 626 F.3d at 572-73 ("Nothing in § 2G2.2(b)(5) or its commentary suggests that the 'pattern of activity' must be temporally close to the offense of conviction.").

We agree with our sibling circuits that nothing in the plain text of § 2G2.2(b)(5) and its accompanying commentary or its context in the scheme of the Guidelines indicates the Sentencing Commission intended a temporal limitation to apply to the pattern-of-activity enhancement. In Mr. Lucero's case, the only requirements of

-16-

§ 2G2.2(b)(5)—that the defendant engage in a pattern involving two or more separate instances of sexual abuse of exploitation of a minor, *see* U.S.S.G. § 2G2.2(b)(5) cmt. n.1—were satisfied. Thus, the district court did not abuse its discretion by applying the guideline's five-level enhancement in Mr. Lucero's case.

### B. *Substantive Unreasonableness*

Mr. Lucero argues his sentence—78 months in prison followed by 15 years supervised release—is substantively unreasonable in light of his conduct and personal characteristics. Mr. Lucero urges that the district court should have granted him a downward variance, reducing his sentence to 60 months in prison, which is the statutory mandatory minimum for Mr. Lucero's charge of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(4).

### 1. **Legal Framework**

After *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines became advisory rather than mandatory. *See Kimbrough v. United States*, 552 U.S. 85, 90-91 (2007); *Gall*, 552 U.S. at 46. Although a district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," it should then consider the 18 U.S.C. § 3553(a) statutory factors—including the defendant's personal history, the nature of the offense, and various policy considerations—"to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50. In evaluating the § 3553(a) factors, a district court judge "may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the

facts presented." *Id.* at 50 (citations omitted). Sentencing judges should aim to impose a sentence "'sufficient, but not greater than necessary, to comply with the purposes' of criminal punishment." *United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) (quoting 18 U.S.C. § 3553(a)).

A sentence is substantively unreasonable if, in light of the § 3553(a) factors, it "exceeds the bounds of permissible choice, given the facts and the applicable law." *Chavez*, 723 F.3d at 1233 (quotations omitted).

2. **Standard of Review**

As with procedural reasonableness, we "review the substantive reasonableness of a sentence for abuse of discretion." *Chavez*, 723 F.3d at 1233. Under the abuse-of-discretion standard, we will reverse a sentence if it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotations omitted).

Unlike the district court, we presume that a sentence within the properly calculated Guidelines range is reasonable. *See Chavez*, 723 F.3d at 1233. The defendant bears the burden of rebutting this presumption in light of the § 3553(a) factors. *Id.*

3. **Analysis**

Mr. Lucero contends his sentence is substantively unreasonable because of (a) the age of the conduct supporting the five-level pattern-of-activity enhancement and its lack of connection to the offenses of conviction, as well as (b) his age and personal characteristics.

-18-

a. *Pattern-of-activity enhancement*

First, Mr. Lucero argues his sentence is substantively unreasonable because the district court should not have applied the five-level enhancement for conduct that occurred more than 35 years ago. He asserts that even if § 2G2.2(b)(5) does not contain a time limit on the conduct that can support a pattern-of-activity enhancement, courts are nonetheless free to apply common sense and principles of fairness to vary downward from the enhancement.

Mr. Lucero points out we have previously held in a different context that a defendant's past sexual misconduct loses relevance with time. In *United States v. Dougan*, 684 F.3d 1030 (10th Cir. 2012), the defendant pled guilty to robbing a post office. At sentencing, the district court imposed supervised release conditions of the sort that would ordinarily apply to sex offenders based on the defendant's prior convictions— 17 and 33 years earlier—for sexual battery. *Id.* at 1031. We reversed, noting that conditions for supervised release must be "reasonably related" to the offense of conviction, *see* 18 U.S.C. § 3583(d), and concluding the defendant's prior convictions were "too remote in time to be reasonably related to the present offense and to justify imposition of special sex-offender conditions of release." *Dougan*, 684 F.3d at 1037.

Mr. Lucero contends *Dougan*'s reasoning should apply to this appeal: that "[a]ncient events lose their relevance to a current sentencing analysis over time," Aplt. Br. at 16, and that just as offenses can be too remote to justify special release conditions,

-19-

they can also be too distant to support a pattern-of-activity enhancement under

§ 2G2.2(b)(5), *see id.*

*Dougan* is distinguishable, however, because there a statute required the

defendant's conditions of supervised release to be "reasonably related" to the offense of

conviction. *See* 18 U.S.C. § 3583(d). As we explained above, § 2G2.2(b)(5) contains no

requirement that the pattern of activity supporting the enhancement be related to the

offense of conviction at all. Therefore, the district court was not required based on

*Dougan* to vary Mr. Lucero's sentence downward from the recommended Guidelines

range.

It was, however, *permitted* to do so. The Government conceded at oral argument

that the remoteness of a pattern of activity in time can be a relevant factor in determining

whether a sentence is "sufficient but not greater than necessary to comply with the

purposes of criminal punishment." *Martinez-Barragan*, 545 F.3d at 904 (quotations

omitted); *see Kimbrough*, 552 U.S. at 101 (acknowledging that courts may depart from

the Guidelines for policy reasons, "including disagreements with the Guidelines"

(quotations omitted)).

Unfortunately for Mr. Lucero, however, he has failed to meet his burden to

overcome the presumption of substantive reasonableness that attaches to his Guidelines-

range sentence on appeal. *See Chavez*, 723 F.3d at 1233. Mr. Lucero admitted to

sexually touching two of his nieces on two separate occasions, thus satisfying the

requirements of § 2G2.2(b)(5). His nieces were both very young (eight and ten years old)

when the incidents occurred.  We are not convinced that this pattern of conduct—even though it occurred many years in the past—is not related or relevant to Mr. Lucero's offenses of conviction, which include viewing pornographic images of pre-pubescent girls.

Even if Mr. Lucero were possibly correct that these incidents have diminished relevance to his current sentencing by virtue of the passage of time, we cannot say that his 78-month sentence—the lower limit of his Guidelines range—was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Munoz-Nava*, 524 F.3d at 1146 (quotations omitted).  The district court acted within its discretion when it sentenced Mr. Lucero to 78 months in prison based in part on the pattern-of-activity enhancement, and Mr. Lucero has not met his burden to persuade us that this sentence was unreasonable. *See Chavez*, 723 F.3d at 1233.

b.  *Mr. Lucero's characteristics*

Mr. Lucero likewise cannot meet his burden to show that his sentence was substantively unreasonable in light of his personal characteristics under § 3553(a)(1). Mr. Lucero argues his sentence should be lower because he "is a 65 year old man with a distinguished professional and academic career, a supportive family and a desire to provide care to his elderly mother."  Aplt. Br. at 20.

Mr. Lucero does not contest, however, that the district court properly took into account the § 3553(a) factors, including Mr. Lucero's age, education, and circumstances. The district court concluded, based on its consideration of these factors, that "nothing . . .

-21-

takes [his] case out the heartland of cases" in which a Guidelines-range sentence is appropriate and serves the goals of sentencing. ROA, Vol. III at 35. Mr. Lucero has provided no evidence or arguments on appeal to counter this conclusion.

Furthermore, as noted above, Mr. Lucero was sentenced to the low end of his properly calculated Guidelines range—78 months in prison, or 18 months over the statutory mandatory minimum of 60 months. *See* 18 U.S.C. § 2252(a)(4). We cannot say in these circumstances that Mr. Lucero's sentence "exceeds the bounds of permissible choice, given the facts and applicable law." *Chavez*, 723 F.3d at 1233 (quotations omitted).

## III.  **CONCLUSION**

For the foregoing reasons, we affirm Mr. Lucero's sentence as both procedurally and substantively reasonable.