**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SHAWON MCCLUNG,

      Defendant - Appellant.

No. 14-1022
(D.C. No. 1:13-CR-00244-RBJ-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **MATHESON**, Circuit Judges.

Shawon McClung challenges the substantive reasonableness of his sentence on the grounds that the district court did not properly account for his remorse and lack of criminal history. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we disagree and affirm.

## I. **BACKGROUND**

Starting in 2009, Shawon McClung organized and perpetrated a Ponzi scheme, stealing over $1.7 million from 17 victims. An information was filed in the District of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado charging him with one count of wire fraud in violation of 18 U.S.C. § 1343. Mr. McClung eventually pled guilty.

At sentencing, the district court calculated Mr. McClung's total offense level as 22 and his criminal history category as I, resulting in an advisory United States Sentencing Guidelines ("Guidelines") range of 41 to 51 months. Mr. McClung moved for a variant sentence of 12 to 18 months, based on his remorse and the Guidelines' failure to recognize that first-time offenders are less likely to reoffend than all other Category I offenders.

The district court denied the variance motion and imposed a prison sentence of 51 months. The court explained that although Mr. McClung had written a "nice letter" to the court on the eve of sentencing stating he was "truly sorry," ROA, Vol. I at 114, he had expressed "zero remorse" to his victims. ROA, Vol. III at 80; *see also id.* at 81 (observing Mr. McClung "never even once via email or otherwise" apologized to his victims). The court also stated his lack of criminal history did not warrant a variance because the Guidelines recognize this was Mr. McClung's first offense.

## II.  **LEGAL BACKGROUND AND STANDARD OF REVIEW**

Mr. McClung does not challenge the procedural reasonableness of his sentence. *See* Aplt. Br. at 21; Oral Arg. at 13:51-14:09 (representing that Mr. McClung challenges substantive reasonableness only). We therefore consider only substantive reasonableness.

"A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the [18 U.S.C.] § 3553(a) factors and the

sufficiency of the justifications used to support the sentence." *United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011). Section 3553(a) lists seven factors a sentencing court must consider: (1) the nature and circumstances of the offense, as well as the history and characteristics of the defendant; (2) the need for the sentence imposed;[1] (3) the kinds of sentences available; (4) the recommended Guidelines range; (5) the policies underlying the Guidelines; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution to any victims. *See* 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).

We review the reasonableness of sentencing decisions, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Id.* at 41. A "court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotations omitted). Sentences within or below the Guidelines range are presumptively reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011).

---

[1] This factor includes the need:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## III. **DISCUSSION**

Mr. McClung argues his sentence is substantively unreasonable because the district court improperly weighed Mr. McClung's (A) remorse, and (B) absence of criminal history. Both arguments fail.

### A. *Remorse*

Mr. McClung argues the district court, by discounting his remorse, unreasonably expected that he should have apologized to his victims during the crime or shortly after law enforcement discovered the crime, thereby "count[ing] against him a factor that should have weighed meaningfully in his favor." Aplt Br. at 22.

Although reasonable jurists might assess Mr. McClung's remorse differently, it was not unreasonable for the court here to consider the timing of his letter relative to earlier opportunities to express sorrow to his victims. "As long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Martinez*, 610 F.3d 1216, 1229 (10th Cir. 2010) (quotations and alterations omitted). We cannot say the district court's assessment "exceed[ed] the bounds of permissible choice." *United States v. Lucero*, 747 F.3d 1242, 1252 (10th Cir. 2014) (quotations omitted).

### B. *No Criminal History*

Mr. McClung also argues the Guidelines fail to recognize that he, with no criminal history, is less likely to reoffend than Category I offenders who have one criminal history point. He observes the Guidelines create just six criminal history categories that "treat

- 4 -

identically those whose criminal pasts are merely similar." Aplt. Br. at 30-31. He states Category I includes (1) first-time offenders with no criminal history, (2) offenders with some criminal history but zero criminal history points, and (3) those with one criminal history point. He cites Sentencing Commission documents and statistics showing zero-point offenders recidivate half as often as one-point offenders, and first-time offenders even less. He contends Category I fails to account for the recidivism disparities among the subgroups.

Mr. McClung fails to overcome the presumptive reasonableness of his within-Guidelines sentence. One would expect recidivism rates to vary within criminal history categories. But Mr. McClung's statistics tell little or nothing about how often first-time defrauders reoffend, in particular those who have taken over $1.7 million from 17 victims in a Ponzi scheme. That is where the § 3553(a) factors come in, which call for an "individualized assessment." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013). Indeed, under § 3553(a)(1) the district court must consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court considered the § 3553(a) factors, including Mr. McClung's status as a first-time offender. *See* Sentencing Tr., ROA, Vol. III at 77 ("[E]verybody emphasizes this is his first offense. That is a point in his favor.").

The court acted reasonably. *See Lucero*, 747 F.3d at 1250-51. Mr. McClung's sentence was not arbitrary, capricious, whimsical, or manifestly unreasonable.

## IV. **CONCLUSION**

We affirm Mr. McClung's sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge