# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Submitted March 20, 2017          Decided May 23, 2017

No. 16-3076

UNITED STATES OF AMERICA,
APPELLEE

v.

JAMES WENDELL BROWN, ALSO KNOWN AS JIMMY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00155-1)

*Barbara E. Kittay*, appointed by the court, was on the brief for appellant.

*Elizabeth Trosman* and *Lauren R. Bates*, Assistant U.S. Attorneys, were on the brief for appellee.

Before: GARLAND, *Chief Judge*, GRIFFITH, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: A trial court imposed on James Brown a stiffer sentence than the U.S. Sentencing Guidelines recommend. But the court followed proper procedures, and the

sentence was not so harsh as to be an abuse of discretion. We therefore affirm Brown's sentence against his procedural and substantive challenges.

I

The facts are grim. In 2012, James Brown was drawn into an online sting operation with a police detective. In a plea agreement, Brown conceded that the government had clear and convincing evidence that he had asked for sex with a prepubescent child, talked about having sexually abused certain minors every chance he got, expressed a preference for very young children, and abused his daughter and granddaughters when they were as young as three to six years old. As part of the plea agreement, Brown pled guilty to one count of distributing child pornography. *See* 18 U.S.C. § 2252(a)(2)(A).

For his cooperation, federal and state officials agreed not to prosecute Brown further for any of the conduct to which he admitted. The plea deal also specified an "offense level" under the Guidelines for the sentencing court to consider. An offense level is calculated by taking the number assigned by the Guidelines to the defendant's "base offense" and adding or subtracting points as needed to reflect certain aggravating or mitigating factors. *See* 18 U.S.C. § 3551 *et seq.* In Brown's case that calculation yielded an offense level of 30, for which the Guidelines recommend 97 to 121 months of incarceration.

The district court, however, was not bound by that range. It sentenced Brown to 144 months of incarceration and 240 months of supervised release. But Brown appealed and we vacated that sentence, finding that the judge had neglected procedures that courts must follow to justify an above-Guidelines sentence. On remand, the district court imposed the

same sentence, this time with a more detailed explanation, and Brown again appealed.

We have authority to review Brown's sentence under 28 U.S.C. § 1291, and do so in two steps. We first ask if the district court committed "significant procedural error," such as by "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). At this step, we review legal conclusions de novo and factual findings for clear error. *United States v. Jones*, 744 F.3d 1362, 1366 (D.C. Cir. 2014).

Next we review the "overall . . . reasonableness" of the district court's chosen sentence in light of several statutorily specified factors, *United States v. Warren*, 700 F.3d 528, 531 (D.C. Cir. 2012) (quoting *United States v. Locke*, 664 F.3d 353, 356 n.3 (D.C. Cir. 2011)); *see also* 18 U.S.C. § 3553(a), but only for abuse of discretion, *United States v. Russell*, 600 F.3d 631, 633 (D.C. Cir. 2010).

II

A judge imposing an above-Guidelines sentence must offer in court, and in writing, a "specific reason" why the defendant's case calls for a more severe sentence than other cases falling within the same Guidelines categories. *United States v. Brown*, 808 F.3d 865, 866 (D.C. Cir. 2015) (quoting 18 U.S.C. § 3553(c)(2)). The judge's explanation must draw on specific facts about the defendant's history or conduct; the demands of deterrence, public safety, rehabilitation, or restitution for victims that are particular to that case; or some other factor listed in section 3553(a) of the federal sentencing statute. *See id.* at 871; 18 U.S.C. § 3553(a)(1)-(7).

An earlier panel of this court found that the district court had offered no specific facts at the original sentencing to

distinguish Brown's case from others falling into the same Guidelines categories. For instance, the district court noted that Brown had "actual[ly] abuse[d]" children over a "period of time," but the applicable Guidelines categories already accounted for Brown's acts of "sexual abuse or exploitation" and his "pattern of abuse" (a term denoting multiple instances). *Brown*, 808 F.3d at 872. The district court also opined that the "combination of behaviors to which Brown pled is 'not conduct we normally get around here.'" *Id.* (quoting sentencing transcript). Yet the legal issue was how Brown's conduct compared to offenses falling under the same Guidelines categories, not offenses committed in the same district. *Id.* On the whole, we found, the sentencing court had "mere[ly] recit[ed]" the 3553(a) factors "without application" to Brown's case. And that alone is never enough to assure us of "reasoned decisionmaking." *Id.* at 872 (quoting *United States v. Akhigbe*, 642 F.3d 1078, 1086 (D.C. Cir. 2011)). We thus vacated Brown's original sentence on the ground that the district court had offered no "specific reason," based on the 3553(a) factors, for finding Brown's case more egregious than other cases "accounted for in the properly calculated Guidelines range." *Id.* at 871.

On remand, the district court imposed the same sentence, but this time it met its procedural duty to offer specific reasons. In general, a court may impose an above-Guidelines sentence on a particular defendant "based on [aggravating] factors already taken into account by" the Guidelines calculation for that defendant, so long as the court can explain how the Guidelines "do not *fully*" capture the egregiousness of that defendant's conduct. *United States v. Ransom*, 756 F.3d 770, 775 (D.C. Cir. 2014) (quoting *United States v. Richart*, 662 F.3d 1037, 1052 (8th Cir. 2011)) (emphasis added). That is, the court must cite details that are more informative and more damning (within the framework established by section

3553(a)) than the generic terms of the applicable Guidelines categories.

Our earlier opinion in Brown's case offered suggestions of what sorts of details might suffice to distinguish his conduct from other conduct falling under the same Guidelines categories. In particular, we acknowledged that—as the government had argued before us—the district court may have imposed an above-Guidelines sentence to "compensate for the 'benefits'" that Brown reaped from the promise of state authorities not to prosecute him in Virginia, where some of his crimes had occurred. *Brown*, 808 F.3d at 874. We simply noted that this possible ground for Brown's tougher sentence could not cure the procedural defects in the district court's ruling because the district court did not mention this feature of Brown's case in connection with the 3553(a) factors or in the court's written Statement of Reasons. *Id.* Nor did the trial judge explain that "he was imposing an above-Guidelines sentence *because* of" this aspect of Brown's case. *Id.* (emphasis added).

At resentencing, however, the district court justified Brown's sentence partly by appeal to the promise not to prosecute Brown for crimes committed in Virginia. Brown responds that it was improper double-counting for the district court to increase his sentence based on this conduct, which had already been addressed with a 5-point Guidelines enhancement. But the district court didn't simply rely on the fact that Brown had abused minors in Virginia. The court thought a second prosecution for Brown's sexual offenses in a separate jurisdiction might well have led to a "much more severe" combined sentence than the enhancement would yield. J.A. 54. That was one respect in which the district court thought the Guidelines did not "fully account for" the egregiousness of Brown's pattern of abuse.

The district court gave three other reasons for thinking the Guidelines didn't capture the gravity of Brown's offenses: that they "did not adequately reflect the seriousness and frequency of the sexual abuse, the young age of the victims, and the abuse of trust by someone who was supposed to be protecting his own daughters and granddaughters." J.A. 54.

Indeed, Brown's admission that his victims were as young as toddlers is more informative, and more damning, than the relevant Guidelines category, which tells us only that the victims were under 12 years old or prepubescent. The same goes for the district court's lament that the victims were vulnerable to betrayal as a daughter and granddaughters, not just "minors," as specified by the Guidelines; or that the abuse happened as often as Brown could perpetrate it over several years, and didn't simply form a "pattern" in the Guidelines' sense of two or more cases. *See* Application Note 1 to § 2G2.2. Thus, the district court gave several specific and legitimate grounds for exceeding the Guidelines.

So much for the procedural challenge. The other question is whether Brown's sentence was substantively unreasonable, and thus an abuse of discretion. *United States v. Gardellini*, 545 F.3d 1089, 1098 (D.C. Cir. 2008). We review above-Guidelines sentences "under 'the totality of the circumstances,' giving 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall*, 522 U.S. at 51).

Here Brown cites the case of a man sentenced to only 78 months for sexual abuse though his victims, too, were relatives. *See United States v. Lucero*, 747 F.3d 1242, 1244 (10th Cir. 2014). Decided by the Tenth Circuit, that case does not bind us. And even if it did, *Lucero* wouldn't help Brown. The abuse in *Lucero* had occurred only twice. The Guidelines range was

lower to begin with: 78 to 92 months, not 97 to 121 months. And the circuit court simply affirmed the man's sentence, without saying that a stiffer punishment would have been irrational.

Weak analogies aside, Brown offers no serious argument that his sentence was an abuse of discretion, and we doubt he could. It is hardly unreasonable for a court to extend a 10-year sentence by two years plus a period of supervised release when a defendant has been spared another prosecution—and perhaps many more years of imprisonment—for sexual abuse he certainly committed. That is especially true where, as in this case, the abuse was so persistent, the victims so young, and the betrayal of trust so acute.

### III

Finding no procedural defect or abuse of discretion, we affirm Brown's sentence.

*So ordered.*