**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADRIAN DAVID RAY GERDON,

    Defendant - Appellant.

No. 18-6181
(D.C. No. 5:18-CR-00053-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Adrian Gerdon appeals his conviction for being a felon in possession of a

firearm and his resulting 210-month prison sentence. *See* 18 U.S.C. § 922(g)(1); 18

U.S.C. § 924(e)(1). Defense counsel filed an *Anders* brief and moved to withdraw as

counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after

"conscientious examination" of record, counsel finds appeal "wholly frivolous," then

counsel may move to withdraw and contemporaneously file "brief referring to

---

[*] After examining the *Anders* brief and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

anything in the record that might arguably support the appeal"). Gerdon did not file a pro se response, and the government declined to file a brief. We have reviewed the *Anders* brief and conducted a full examination of the record to determine whether Gerdon's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we find that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

At the outset, we note that Gerdon waived any nonjurisdictional challenge to his conviction by entering a voluntary and unconditional guilty plea. *See United States v. De Vaughn*, 694 F.3d 1141, 1145–46 (10th Cir. 2012).[1] As for any potential jurisdictional challenge, nothing in the record suggests that the district court lacked subject-matter jurisdiction. *See id.* at 1153 (explaining that in this context, jurisdictional challenge equates to subject-matter jurisdiction).

That leaves Gerdon's sentence. In reviewing his sentence, we "must first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). And "if the district court's decision is 'procedurally sound,' we 'then consider the substantive reasonableness of the sentence imposed.'" *United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014) (quoting *Gall*, 552 U.S. at 51).

---

[1] There are two narrow constitutional exceptions to this general waiver rule, but nothing in the record indicates that Gerdon has a nonfrivolous double-jeopardy or vindictive-prosecution claim. *See De Vaughn*, 694 F.3d at 1145–46.

Here, nothing in the record indicates any procedural error. As defense counsel explains in his *Anders* brief, the district court correctly calculated Gerdon's sentencing range under the United States Sentencing Guidelines (the Guidelines). More specifically, we discern no legal or factual error in the district court's determination that Gerdon had at least three prior convictions for violent felonies, thereby triggering the 15-year statutory minimum sentence in § 924(e)(1). Nor do we find any error in the district court's assessment of Gerdon's total offense level of 30, his criminal-history category of VI, and his resulting Guidelines range of 180 to 210 months. Thus, any procedural challenge to Gerdon's sentence would be wholly frivolous.

Any challenge to the substantive reasonableness of Gerdon's sentence—which is the challenge that defense counsel highlights in his *Anders* brief—would also be frivolous. Substantive reasonableness depends on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). "When reviewing a sentence for substantive reasonableness, this court employs the abuse-of-discretion standard, a standard requiring 'substantial deference to district courts.'" *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal citation omitted) (quoting *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008)). And because Gerdon's 210-month sentence falls within the Guidelines

range, we presume his sentence is substantively reasonable. *See Alapizco-Valenzuela*, 546 F.3d at 1215.

Of course, Gerdon "may rebut this presumption by showing that his sentence is unreasonable in light of" the § 3553(a) factors. *Id.* But we see nothing in the record to indicate that Gerdon can make that showing. In fact, the district court here ordered Gerdon's federal sentence to run concurrently—rather than consecutively, as recommended by the Guidelines—with Gerdon's state-court sentences. *See* U.S.S.G. § 5G1.3 cmt. n.4(C). Thus, although the district court imposed a sentence at the top of the Guidelines range and above the statutory minimum, it also imposed a sentence that will result in substantially fewer total years of incarceration for Gerdon than if it had followed the recommendation in the Guidelines. Accordingly, we conclude that any challenge to the substantive reasonableness of Gerdon's sentence would also be wholly frivolous.

Because our examination of the record reveals no other nonfrivolous basis for appeal, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court

Nancy L. Moritz
Circuit Judge

4