**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PATRICK DWAYNE MURPHY,

    Defendant - Appellant.

No. 24-7096
(D.C. No. 6:20-CR-00078-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

After a federal jury convicted Patrick Murphy of second-degree murder, the district court departed and varied upward to impose a life sentence. Murphy appeals, arguing that his sentence is unreasonable. We disagree and affirm because the district court adequately explained its reasoning and did not abuse its discretion in varying upward based on the gruesome circumstances of the offense, Murphy's lack of remorse, and the need for the sentence to reflect the seriousness of and provide just punishment for the offense.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

## Background

In August 1999, Murphy and two other men killed his girlfriend's ex-boyfriend, George Jacobs, by dragging a drunk and unconscious Jacobs out of a car, beating him, slicing his throat and body with a knife, cutting off his genitalia and putting them in his mouth, and leaving him to bleed out in a ditch. *United States v. Murphy*, 100 F.4th 1184, 1188–90 (10th Cir. 2024). Murphy then burned his bloody clothes and bragged about his actions to his girlfriend. *Id.* at 1189–90.

An Oklahoma jury convicted Murphy of first-degree murder and sentenced him to death. *Id.* at 1191. But we vacated his conviction and sentence in federal habeas proceedings, holding that the state lacked jurisdiction to prosecute him because he is an Indian and his offense took place in Indian country. *See Murphy v. Royal*, 875 F.3d 896, 966 (10th Cir. 2017), *aff'd sub nom.*, *Sharp v. Murphy*, 591 U.S. 977 (2020).

In September 2020, a federal grand jury indicted Murphy on charges of murder and kidnapping committed by an Indian in Indian country. *Murphy*, 100 F.4th at 1191–92. About a year later, a jury convicted Murphy on three counts: second-degree murder, murder while perpetrating a kidnapping, and kidnapping resulting in death. *Id.* at 1192. The district court imposed three concurrent life sentences. *Id.* Murphy appealed, and we held that because "the statutory requirement of 'holding' in [18 U.S.C.] § 1201 contains a temporal limitation," the evidence on the two kidnapping counts was insufficient. *Id.* at 1196, 1204 (cleaned up). We therefore reversed those two convictions. *Id.* at 1204. And because only the kidnapping counts carried

2

mandatory life sentences (the life sentence for second-degree murder was discretionary), we vacated Murphy's sentence and remanded for resentencing. *Id.* at 1213.

On remand, Murphy's sentencing range for his remaining second-degree murder conviction under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines) was 168 to 210 months, based on a total offense level of 35 and a criminal-history category of I. The government moved for an upward departure under both U.S.S.G. § 5K2.0(a)(1)(A)'s then-operative provision for aggravating circumstances and U.S.S.G. § 5K2.8's then-operative provision for extreme conduct, as well as for an upward variance under the sentencing factors in 18 U.S.C. § 3553(a).[1] *See United States v. Barnes*, 141 F.4th 1156, 1160 (10th Cir. 2025) (explaining that "[d]epartures are 'non-Guidelines sentences imposed under the framework set out in the Guidelines'" and that variances, by contrast, "are 'non-Guidelines sentences arising from a district court's case-specific analysis of the sentencing factors in § 3553(a)" (cleaned up) (quoting *United States v. Vazquez-Garcia*, 130 F.4th 891, 899 (10th Cir. 2025))). In support, the government cited the

---

[1] The Sentencing Commission has since deleted the departure provisions from the Guidelines, explaining (1) that it made this change to "acknowledge the growing shift away from the use of departures . . . in the wake of [*United States v. Booker*, 543 U.S. 220 (2005)]," and (2) that it intended this change "to be outcome neutral[ because] judges who would have relied upon facts previously identified as a basis for a departure would continue to have the authority to rely upon such facts to impose a sentence outside of the applicable [G]uideline[s] range as a variance." U.S.S.G. ch. 1, pt. A, introductory cmt (Nov. 1, 2025). However, we apply the Guidelines that were in effect at the time of sentencing. *See* U.S.S.G. § 1B1.11(a); *United States v. Platero*, 996 F.3d 1060, 1060 n.1 (10th Cir. 2021).

circumstances of the murder, that Murphy bragged about it to his girlfriend, and his continued lack of remorse. As examples of the latter point, the government noted that Murphy at one point asked a codefendant to take the blame for him and that Murphy testified at his federal trial that he did not participate in murdering Jacobs.

The district court granted the government's motion "in full," "find[ing] that [Murphy's] conduct was not only unusually heinous and cruel, but emotionally detrimental to his girlfriend. Furthermore, [Murphy] not only minimized any wrongdoing, but continues to not accept responsibility for his actions." R. vol. 3, 17. It stated that "the circumstances in this case warrant *both* a departure, pursuant to . . . [§]§ 5K2.0(a)(1)(A) and 5K2.8, and a variance, based on the sentencing factors cited in . . . § 3553(a)." *Id.* (emphasis added); *see also* R. vol. 2, 94–95 (statement of reasons including both rationales). The district court thus departed upward by eight levels to an offense level of 43 (which led to a Guidelines life sentence) and varied upward under the § 3553(a) factors to impose a life sentence. *See Barnes*, 141 F.4th at 1162–63 (explaining that district court is free to impose both departure and variance).

Murphy appeals.

## Analysis

In this appeal of his sentence, Murphy challenges both the district court's departure and variance. But as the government explains in its response—and as Murphy does not refute in his reply brief—we can affirm if either is valid. *See id.* at 1163 (explaining that where upward variance was not abuse of discretion, "we need

4

not consider whether the upward departure was separately warranted"). We begin—and ultimately end—with the variance.

We review all criminal sentences for reasonableness "under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). This review typically has two steps: "ensur[ing] that the district court committed no significant procedural error" and "then consider[ing] the substantive reasonableness of the sentence imposed." *Id.*

Procedurally, Murphy argues that the district court erred in failing to explain its reasons for varying upward. The government responds that this argument is subject to plain-error review because Murphy failed to object below to the adequacy of the district court's explanation. *See United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014) (explaining that we review unpreserved procedural challenges for plain error). In a weak attempt to dispute this, Murphy suggests he had no opportunity to object because "the district court imposed an upward departure/variance after argument had been concluded." Rep. Br. 3. But after granting the government's motion to vary and depart upward, the district court asked defense counsel if he had "anything further," and defense counsel said no. R. vol. 3, 19. The district court asked again after formally announcing the sentence, with the same result. At either point, "an objection that the sentencing court had not adequately explained the sentence . . . would have enabled the court . . . to correct [any] failure." *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006). Thus, because he did not offer one below, Murphy's procedural failure-to-explain

argument is subject to plain-error review on appeal. *See id.*

Plain error requires an appellant to show (1) an error that (2) is plain, (3) affects substantial rights, and (4) substantially impacts the fairness of judicial proceedings. *See Lucero*, 747 F.3d at 1246. But Murphy failed to address plain error in his briefing, even in his reply brief, after the government raised the issue. He has therefore waived any plain-error argument. *See United States v. Veneno*, 107 F.4th 1103, 1114 (10th Cir. 2024).

Even if Murphy had argued for plain error, his argument fails at the first prong—the district court did not err. In explaining a sentence, "[a] district court must 'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision[-]making authority." *United States v. Lente*, 759 F.3d 1149, 1155 (10th Cir. 2014) (cleaned up) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)); *see also Gall*, 552 U.S. at 51 (noting that district court must "includ[e] an explanation for any deviation from the Guidelines range"). In other words, a district court must provide enough explanation to enable appellate review—"'[a] limited, brief, or inconsistent explanation' can hinder our review of a sentence's substantive reasonableness." *United States v. Crosby*, 119 F.4th 1239, 1248 (10th Cir. 2024) (quoting *United States v. Cookson*, 922 F.3d 1079, 1091 (10th Cir. 2019)). Here, in explaining its sentencing decision, the district court stated that it was varying upward because of the gruesome and heinous circumstances of the offense and Murphy's initial and continued lack of remorse. This is adequate to permit appellate review and to explain

the reasons for varying from the Guidelines range, so the district court did not procedurally err.[2]

Turning next to substantive reasonableness, Murphy's arguments fare no better. Substantive reasonableness asks "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in . . . § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). "A sentencing decision is substantively unreasonable if it 'exceeds the bounds of permissible choice, given the facts and the applicable law.'" *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (cleaned up) (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

Murphy initially suggests that his sentence is substantively unreasonable because it is the same sentence he would have received had the jury convicted him of premediated first-degree murder. But the district court did not base its sentencing decision on premeditation; indeed, it never used that word. Instead, it focused on the particularly gruesome and cruel circumstances of Murphy's offense: he killed an

---

[2] Indeed, all Murphy's supporting caselaw on his failure-to-explain argument involved district courts failing to explain the degree of a departure. *See, e.g.*, *United States v. Kelly*, 1 F.3d 1137, 1138–39 (10th Cir. 1993) (explaining that "[a]fter articulating its reasons for upward departure, . . . a 'district court must specifically articulate reasons for *the degree* of departure'" (emphasis added) (quoting *United States v. Flinn*, 987 F.2d 1497, 1502 (10th Cir. 1993))). This is a rule particular to departure sentences. As noted above, a district court must simply provide "an ordinary explanation of judicial reasons" when imposing a variance. *Rita*, 551 U.S. at 357; *see also Gall*, 552 U.S. at 51.

unconscious man by pulling him from a vehicle, beating him, slitting his throat, removing his genitalia, and leaving him to bleed out in a ditch. Given that the circumstances and seriousness of the offense are specifically listed sentencing factors, this was not an abuse of discretion. *See* § 3553(a)(1) (directing sentencing court to consider "the nature and circumstances of the offense"); § 3553(a)(2)(A) (directing sentencing court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . and to provide just punishment for the offense").

Next, Murphy argues that by focusing on his lack of remorse, the district court improperly penalized him for refusing to accept responsibility, for going to trial, and for testifying in his own defense. Not so. A district court may consider a defendant's characteristics at sentence, and Murphy's lack of remorse is one such characteristic. *See* § 3553(a)(1). And at no point did the district court indicate it was punishing Murphy for going to trial or testifying in his own defense. As a final matter, Murphy's attempt to distinguish his egregious conduct from other, differently egregious murders does not convince us that the district court abused its discretion in this case. *Cf., e.g.*, *Kelly*, 1 F.3d at 1138–39. We accordingly conclude that the district court did not "exceed[] the bounds of permissible choice" in varying upward to sentence Murphy to life in prison. *Chavez*, 723 F.3d at 1233 (quoting *McComb*, 519 F.3d at 1053). We thus affirm his sentence.[3]

---

[3] The result would be the same if we were to separately consider the validity of the departure. *See United States v. Robertson*, 568 F.3d 1203, 1211 (10th Cir. 2009)

**Conclusion**

Because the district court did not abuse its discretion in imposing an upward variance, we affirm Murphy's life sentence.

                                   Entered for the Court


                                   Nancy L. Moritz
                                   Circuit Judge

---

(setting out four-part test for reviewing departure sentences). That's because even assuming that the district court plainly erred by failing to explain the reasons for the degree of departure, *see Kelly*, 1 F.3d at 1144; *United States v. Begaye*, 635 F.3d 456, 471 (10th Cir. 2011), Murphy can't establish that this error affected his substantial rights, *see Lucero*, 747 F.3d at 1246. Not only has he waived any attempt to do so by failing to brief this aspect of plain error (even in reply), *see Veneno*, 107 F.4th at 1114, but our affirmance of the variance means that he can't do so, *cf. Barnes*, 141 F.4th at 1163 ("Even if some of the district court's statements regarding the departure were erroneous, such an error would be harmless because there is 'no reason to think that the district court would impose a different sentence on remand if we were to reverse the departure while affirming the variance.'" (cleaned up) (quoting *United States v. DeRusse*, 859 F.3d 1232, 1238 (10th Cir. 2017))).