[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2007
THOMAS K. KAHN
CLERK

No. 06-12232
Non-Argument Calendar

_____

D. C. Docket No. 05-00265-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS OSCAR MALDONADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 31, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Luis Oscar Maldonado appeals his conviction and sentence for abusive

sexual contact, 18 U.S.C. §§ 2244(a)(2), 3261(a)(1).

Evidence at trial showed that, on the night of December 31, 2004, on Talil Air Force Base, Iraq, Maldonado entered the room of a female Army National Guard Specialist, approached the then-sleeping woman, groped her breast, kissed her, straddled her, put his hand in her underwear, and pinned her to the bed. The victim managed to free one of her hands and begin striking the wall, which, together with her yelling at Maldonado to "get off of" her, drew the attention of the sergeants who resided in the adjacent residence. Maldonado fled the scene, but was later identified by the sergeants.

At sentencing, the district court applied a base offense level of 20, U.S.S.G. § 2A3.4, with a two-level enhancement because the victim was physically restrained, U.S.S.G. § 3A1.3, for a total offense level of 22. With a criminal history category of I, Maldonado's guideline range would have been 41-51 months' imprisonment. Because the statutory maximum for the offense was 36 months's imprisonment, 18 U.S.C. § 2244(a)(2), the district court sentenced him to this term of imprisonment.

Maldonado first argues that, in order to have violated 18 U.S.C. § 2244(a)(2), a person must have violated 18 U.S.C. § 2242, which requires a "sexual act." Maldonado contends that the district court erred when it instructed

the jury that only sexual contact was required. Maldonado further argues that, even if it was appropriate to convict him, the district court erred in sentencing him under U.S.S.G. § 2A3.4(a)(1) (which references 18 U.S.C. § 2241) rather than § 2A3.4(a)(2) (which references 18 U.S.C. § 2242), or § 2A3.4(a)(3) (which applies otherwise). Maldonado does not dispute that his conduct satisfied the statutory definition of "sexual contact."[1]

Where a defendant fails to object to a jury instruction below, we review for plain error. United States v. Hasson, 333 F.3d 1264, 1277 (11th Cir. 2003). Maldonado did not object to the instruction below. To prevail, then, Maldonado must show "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three of those conditions are met, the court may exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. LeCroy, 441 F.3d 914, 930 (11th Cir. 2006).

---

[1] Maldonado argues in passing that the evidence was insufficient to show that he had the intent necessary for a violation of 18 U.S.C. § 2244(a)(2). We have held that the failure to elaborate or provide any citation of authority in support of an argument on appeal acts as a waiver of the argument for appellate purposes. See Flanigan's Enters., Inc. of Ga. v. Fulton County, 242 F.3d 976, 987 n.16 (11th Cir. 2001). Maldonado's cursory reference to a lack of intent failed to preserve the argument on appeal. Moreover, Maldonado's argument is without merit. The statute is violated if the defendant "knowingly engages in or causes sexual contact," 18 U.S.C. § 2244, with sexual contact further defined as "intentional touching" of specified body parts "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," 18 U.S.C. § 2246(3). There was ample evidence from which a jury could conclude that Maldonado satisfied all of these intent elements.

A person commits the offense of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(2), where he "knowingly engages in or causes sexual contact with or by another person, if to do so would violate . . . section 2242 of [Title 18] had the sexual contact been a sexual act." A violation of 18 U.S.C. § 2242 occurs where a person "knowingly (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping)." 18 U.S.C. § 2242(1).

The terms "sexual act" and "sexual contact" referred to in sections 2242 and 2244 are defined in 18 U.S.C. § 2246. A "sexual act" involves penile-genital contact, oral-genital contact, or genital penetration. 18 U.S.C. § 2246(2). "Sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

On appeal, Maldonado primarily argues that the government had to prove that a sexual act took place in order to convict him under 18 U.S.C. § 2244(a)(2), meaning that the district court erred when it instructed the jury that sexual contact alone could support a conviction. This argument is without merit. Section 2244

4

explicitly penalizes "sexual contact," not sexual acts. Section 2244(a)(2) then penalizes a particular kind of sexual contact: that where "had the sexual contact been a sexual act," § 2242 would have penalized the sexual act. Section 2242 penalizes a sexual act obtained by means of fear or certain threats. 18 U.S.C. §§ 2242, 2244(a)(2). In sum, then, section 2244(a)(2) penalizes sexual contact obtained by means of fear or certain threats. Requiring the government to show a sexual act in addition to sexual contact would contradict the plain meaning of the statute, which penalizes sexual contact under the same circumstances described in § 2242 in the context of sexual acts. Maldonado's challenge to the jury instructions therefore fails, and his conviction under § 2244(a)(2) was proper.

Maldonado next argues that the base offense level of 16 in § 2A3.4(a)(2) should have been used to calculate Maldonado's guideline range, rather than the base offense level of 20 in § 2A3.4(a)(1). We review a sentencing court's findings of fact for clear error, and its application of the sentencing guidelines to those facts de novo. United States v. Anderson, 326 F.3d 1319, 1326 (11th Cir. 2003).

The guideline provision for Maldonado's crime, U.S.S.G. § 2A3.4, prescribes a base offense level of "(1) 20, if the offense involved conduct described in 18 U.S.C. § 2241(a) or (b); (2) 16, if the offense involved conduct described in 18 U.S.C. § 2242; or (3) 12, otherwise." U.S.S.G. § 2A3.4(a). The first base

offense level refers to 18 U.S.C. § 2241, the aggravated sexual abuse statute.

Aggravated sexual abuse occurs when the defendant "knowingly causes another

person to engage in a sexual act (1) by using force against that other person; or (2)

by threatening or placing that other person in fear that any person will be subjected

to death, serious bodily injury, or kidnapping."  18 U.S.C. § 2241(a).  The second

base offense level refers to 18 U.S.C. § 2242, the sexual abuse statute, which is

violated when, inter alia, the defendant "knowingly. . . causes another person to

engage in a sexual act by threatening or placing that other person in fear (other

than by threatening or placing that other person in fear that any person will be

subjected to death, serious bodily injury, or kidnapping)."  18 U.S.C. § 2242(1).

The references to the sexual act statutes in the sexual contact sentencing

guideline are used to specify the base offense levels for the various kinds of sexual

contact.  The application notes for U.S.S.G. § 2A3.4 lay this out explicitly:

> For purposes of subsection (a)(1), "conduct described in 18 U.S.C.
> § 2241(a) or (b)" is engaging in, or causing sexual contact with, or by
> another person by: (A) using force against the victim; (B) threatening
> or placing the victim in fear that any person will be subjected to death,
> serious bodily injury, or kidnapping . . .
>
> For purposes of subsection (a)(2), "conduct described in 18 U.S.C.
> § 2242" is: (A) engaging in, or causing sexual contact with, or by
> another person by threatening or placing the victim in fear (other than
> by threatening or placing the victim in fear that any person will be
> subjected to death, serious bodily injury, or kidnapping) . . .

6

U.S.S.G. § 2A3.4, comment., (n.2-3).

Maldonado was convicted under 18 U.S.C. § 2244(a)(2),which makes reference to 18 U.S.C. § 2242. This did not, however, preclude the district court from finding that he engaged in sexual contact under the circumstances specified in 18 U.S.C. § 2241. The district court was entitled to find that, in addition to threatening or placing the victim in fear, as the jury found, Maldonado used force in order to engage in the abusive sexual contact, justifying the imposition of the higher base offense level. See U.S.S.G. § 1B1.3, comment., (n.6) (stating that unless a guideline provision expressly requires that the defendant has been convicted under a particular statute, "the use of a statutory reference to describe a particular set of circumstances does not require a conviction under the referenced statute," and using U.S.S.G. § 2A3.4 as an illustration).

The effect of Maldonado's conviction under section 2244(a)(2) was to constrain the district court to applying U.S.S.G. § 2A3.4. See U.S.S.G. § 1B1.2(a) (instructing district court to "[d]etermine the offense guideline section. . . applicable to the offense of conviction"). But then, within U.S.S.G. § 2A3.4, if the district court found that Maldonado has used force against the victim, it was required to apply the higher base offense level contained in § 2A3.4(a)(1), defined by reference to section 2241. See U.S.S.G. § 1B1.1(b) (instructing district court to

7

determine base offense level "contained in the particular guideline. . . in the order listed); U.S.S.G. § 2A3.4 (listing base offense level 20 first). The district court therefore had to impose the higher base offense level if it found that Maldonado used force.

We find that the district court did not clearly err in determining that Maldonado used force against the victim. Here, the evidence showed that, in the course of the abusive sexual contact, Maldonado threw himself on top of the prone victim, straddled her legs, and attempted to pin her arms. The district court did not clearly err in finding that Maldonado used force in order to engage in the sexual contact. See U.S.S.G. § 2A3.4, comment. (n.2-3).

Finally, Maldonado argues that the district court erred in applying a physical restraint adjustment. He argues that he did not physically restrain the victim because he only "laid over her." Maldonado notes that he did not grasp and hold down the victim's hands, and asserts that she did not attempt to forcibly remove him from her bed.

If a victim was physically restrained in the course of an offense, then a two-level enhancement is to be applied to the offense level. U.S.S.G. § 3A1.3. "'Physically restrained' means the forcible restraint of the victim such as being tied, bound, or locked up." U.S.S.G. § 1B1.1, comment. (n.1(K)). The use of the

modifier 'such as' indicates that the illustrations of physical restraint are listed by way of example rather than limitation. <u>United States v. Jones</u>, 32 F.3d 1512, 1518 (11th Cir. 1994).

Maldonado pinned the victim to her bed while engaging in the abusive sexual contact. The district court therefore did not clearly err in finding that this constituted restraint. <u>See</u> <u>United States v. Vallejo</u>, 297 F.3d 1154, 1166-67 (11th Cir. 2002) (holding that there was physical restraint where "two large men grabbed [the victims] and held them against their will").

Upon careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, Maldonado's conviction and sentence are

**AFFIRMED.**