**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CHARLES RAMON, III,

     Defendant - Appellant.

No. 19-1221

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:07-CR-00437-REB-1)**
_____

Rebekah A. Gallegos (Mark T. Baker and J. Walker Boyd on the briefs), of Peifer, Hanson, Mullins & Baker, P.A., Albuquerque, New Mexico, for Defendant-Appellant.

Michael C. Johnson, Assistant U.S. Attorney (Jason R. Dunn, U.S. Attorney, with him on the brief), Denver, Colorado for Plaintiff-Appellee.
_____

Before **PHILLIPS**, **McKAY**[*], and **MORITZ**, Circuit Judges.
_____

---

[*] The late Honorable Monroe G. McKay heard oral argument in this appeal. Judge McKay died before the Opinion in this case was finalized, and he cast no vote on this Opinion. "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." *United States v. Wiles*, 106 F.3d 1516, 1516 n. * (10th Cir.1997); *see also* 28 U.S.C. § 46(d) (noting that the circuit court may adopt procedures permitting disposition of an appeal where a remaining quorum of a panel agrees on the disposition). The remaining panel members have acted as a quorum on this Opinion.

**PHILLIPS**, Circuit Judge.

_____

In this appeal, we consider whether the district court erred by ordering its sentence to run consecutively to future federal sentences. By the terms of 18 U.S.C. § 3584(a), we hold that it did err. But the defendant failed to object to this and on appeal he has failed to show that the error was plain. We affirm.[1]

## BACKGROUND

In 2016, after serving his federal prison sentence for having possessed a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1), Charles Ramon III began serving a mandatory term of supervised release. Before Ramon completed the term, his probation officer filed a petition, soon followed by two superseding petitions, to revoke Ramon's supervised release. At the revocation hearing on the petitions, the district court found three violations—two for possessing a controlled substance and one for again illegally possessing a firearm. Of these, the most serious was Ramon's illegal possession of a firearm—a Grade B violation. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 7B1.1 cmt. n.5 (U.S. Sentencing Comm'n 2002). For this violation, the court imposed the statutory maximum sentence, twenty-four months' imprisonment.[2]

_____

[1] We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

[2] The Guidelines range for a Grade B violation with Ramon's criminal history is twenty-one to twenty-seven months' imprisonment. *See* U.S.S.G. § 7B1.4(a). But

During the revocation hearing, the government mentioned that it might seek to indict Ramon for illegally possessing a firearm (the conduct in part underlying the revocation). Mindful of this, the district court did something unusual—it ordered that Ramon's twenty-four-month sentence run "consecutively to any sentences imposed previously or *prospectively* in federal or state court." R. vol. 3 at 81:24–25 (sentencing hearing) (emphasis added); *see also* R. vol. 1 at 61 (final judgment). At the hearing, Ramon did not object to the district court's running his sentence consecutively to future federal sentences.

## DISCUSSION

On appeal, Ramon argues that the district court exceeded its sentencing authority under 18 U.S.C. § 3584(a) by ordering that Ramon's sentence run consecutively to future federal sentences. Because Ramon did not object in the district court, we review his argument under the plain-error standard.[3] Under this

---

the high end of the range is capped at twenty-four months due to Ramon's underlying class C felony. 18 U.S.C. § 3583(e)(3).

[3] On appeal, Ramon claims that he preserved this issue in his response to the petitions to revoke by raising among other things this Guidelines commentary: "[T]he determination of the appropriate sentence on any new criminal conviction should be a separate determination for the court having jurisdiction over such conviction." Opening Br. 10 (alteration in original) (internal quotation marks omitted) (quoting U.S.S.G. ch. 7, pt. B introductory cmt.; R. vol. 1 at 53). But the probation officer's petitions did not seek a consecutive sentence, and that issue was not even in play until the district court imposed it. *See United States v. McClaflin*, 939 F.3d 1113, 1118 (10th Cir. 2019) ("Fairness and judicial efficiency demand that litigants notify the district court of a procedural sentencing error with reasonable specificity, thereby providing that court the opportunity to correct its action in the first instance." (quoting *United States v. Robertson*, 568 F.3d 1203, 1209 (10th Cir. 2009)) (internal quotation marks omitted)).

3

standard, we must find "(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (quoting *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012)). If these three criteria are satisfied, "this Court *may* exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted). Here, though we agree with Ramon that the district court erred, we conclude that its error was not plain. Accordingly, we affirm the district court's sentence.

## I.     Prong One: The District Court Erred.

As do the parties, we direct our attention to 18 U.S.C. § 3584(a). We review de novo questions of statutory interpretation. *See United States v. Porter*, 745 F.3d 1035, 1040 (10th Cir. 2014). The key statutory subsection reads as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

§ 3584(a). The subsection sets out "the most common situations in which the decision between concurrent and consecutive sentences must be made: where two sentences are imposed at the same time, and where a sentence is imposed subsequent to a prior

4

sentence that has not yet been fully served." *Setser v. United States*, 566 U.S. 231, 239 (2012).[4]

Ramon's case fits neither situation. The district court did not sentence Ramon on multiple convictions. Nor did it sentence him while he was subject to an undischarged term of imprisonment. In this circumstance, the government argues, the district court has discretion to impose its sentence consecutively to future federal sentences. Ramon disagrees, arguing that § 3584(a)'s text bars the district court from running its sentence consecutively to future federal sentences.

We agree with Ramon. After careful review, we hold that § 3584(a)'s text disallows a district court from a preemptive strike dictating how its sentence will run in relation to later federal sentences. Given this, the district court exceeded its authority by ordering that its sentence run consecutively to later federal sentences. If allowed, the first federal court sentencing a defendant could usurp the sentencing discretion that § 3584(a) reserves exclusively to later sentencing federal courts.

---

[4] In *Setser*, the Court considered "whether a district court, in sentencing a defendant for a federal offense, has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed." 566 U.S. at 233. After noting that the Court "construe[s] statutes governing the jurisdiction of the federal courts in light of 'the common-law background against which the statutes . . . were enacted,'" *id.* at 235 (second alteration in original) (citation omitted), the Court noted that a large majority of the federal appellate courts permit a federal court to run its sentences concurrently or consecutively to an anticipated state sentence, *id.* at 236 (citations omitted). In two ways, Ramon's case differs from that in *Setser*: (1) The government has cited no equivalent weight of authority supporting the district court's action here—running its sentence consecutively to a future *federal* sentence; and (2) though § 3584(a) does not limit a federal sentencing court from running its sentence consecutively or concurrently to an anticipated *state* sentence, it does limit a federal sentencing court from doing so for a future *federal* sentence.

Section 3584(a) sets the procedure that applies when a district court sentences a defendant "already subject to an undischarged term of imprisonment." In such an instance, this subsection provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* So § 3584(a) declares that "the court" has full authority and discretion to run its sentence consecutively or concurrently to an undischarged term of imprisonment. Importantly, "the court" as used here must refer to the second court imposing a term of imprisonment. After all, "the court" is singular and § 3584(a)'s consecutive-versus-concurrent decision arises only after the "multiple terms of imprisonment imposed at different times" have been *imposed*. *Id.* By this, Congress requires that these "terms of imprisonment" already *exist* in real life before a court can run another sentence to them, whether consecutively or concurrently. Obviously, the first court, which imposed the sentence to which the defendant is "already subject to," could not have imposed its sentence before the second court imposed its sentence—by definition the second court had not yet then imposed its sentence.[5] In that instance, the first court would be usurping sentencing authority that § 3584(a) declares belongs exclusively to the second court.

---

[5] Imagine Congress allowing what happened here. Obviously, the later sentencing court may well resent the preemptive strike or even just disagree with consecutive time. Suppose that second sentencing court ignores the earlier court's attempted usurpation and imposes its sentence to run concurrently to the earlier one. What then? A mess, one Congress has avoided.

The first district court cannot circumvent Congress's procedure by deciding the consecutive-versus-concurrent issue before the second court has even sentenced the defendant. Allowing that would violate Congress's command that the second court impose its sentence concurrently or consecutively to any undischarged terms of imprisonment.

We also note that the other federal circuit courts ruling on this issue have reached the same conclusion. *See United States v. Almonte-Reyes*, 814 F.3d 24, 27–29 (1st Cir. 2016) (concluding that § 3584(a) impliedly prohibits an earlier federal sentencing court from imposing its sentence consecutively or concurrently to a future federal sentence); *United States v. Obey*, 790 F.3d 545, 549–50 (4th Cir. 2015) (relying on circuit precedent to reach this conclusion); *United States v. Montes-Ruiz*, 745 F.3d 1286, 1290–93 (9th Cir. 2014) (reaching this conclusion based on both circuit precedent and § 3584(a) implicitly reserving this decision to the later-sentencing court). For all these reasons, we conclude that the district court erred by ordering its sentence run consecutively with future federal sentences.

## II.    Prong Two: The District Court's Error Was Not Plain.

An error is plain when it is "clear or obvious under current law[.]" *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007)). Ramon must "demonstrate either that this court or the Supreme Court has resolved these matters in his favor, or that the language of the relevant statutes is 'clearly and obviously' limited to the interpretation [he] advances[.]" *United States v. Fagatele*,

7

944 F.3d 1230, 1239 (10th Cir. 2019) (citations omitted); *see also United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) ("[T]he absence of circuit precedent [does not] prevent[] the clearly erroneous application of statutory law from being plain error." (second and third alterations in original) (quoting *United States v. Evans*, 155 F.3d 245, 252 (3d Cir. 1998))).

Here, Ramon acknowledges that no Supreme Court or Tenth Circuit case has ruled on the issue he presents. So to show the error is plain, he rests on § 3584(a)'s text. In support of this statutory-text argument, his best case is *Brown*, 316 F.3d at 1158. In *Brown*, our court concluded that the district court had erred by allowing a one-offense-level reduction for acceptance-of-responsibility. We ruled that the text of U.S.S.G. § 3E1.1 presented a binary choice—two levels or none. *Id.* Next addressing the second prong of plain-error review, we deemed it a close question whether the district court's error was sufficiently clear or obvious. *Id.* Ultimately, we ruled that the error was indeed plain based on the Guidelines' clearly and obviously having limited a district court's choice to two levels or none. *Id.* But the Guidelines provision at issue in *Brown* presented a stronger case for plain error than does the statute here. In *Brown*, § 3E1.1 gave a choice—two levels or none—but in this case, § 3584(a) offers nothing so direct or obvious.

Before we could conclude that the district court erred, we had to delve into the language and inner workings of § 3584(a). Had § 3584(a) read, "a federal district court may not order that its sentence run consecutively or concurrently to a later imposed federal sentence," the error would be plain. But as seen, our reading of the

8

language underlying our holding takes more work than that. *Cf. Obey*, 790 F.3d at 549–50 (finding the district court erred by imposing the defendant's sentence to run consecutively to future federal sentences but concluding that the error was "not so obvious as to require reversal"). Thus, the statute's language is not so "clear or obvious" as to make the error plain. *See Rivera-Oros*, 590 F.3d at 1126.

As additional support for his argument that the district court's error is plain, Ramon points us to this *Setser* footnote:

> Setser notes that the text of § 3584(a) does not distinguish between state and federal sentences. If a district court can enter a consecutive sentencing order in advance of an anticipated state sentence, he asks, what is to stop it from issuing such an order in advance of an anticipated federal sentence? It could be argued that § 3584(a) impliedly prohibits such an order because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed—and does not speak (of course) to what a *state* court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.

566 U.S. at 241 n.4. We agree with Ramon that this footnote supports his argument that the district court erred, but we think it undermines his claim that the error is plain. We read the Court's prefatory words "[i]t could be argued" as recognizing that the issue presents two sides with some possible merit. *Id.* We do not read the footnote as even an outright pronouncement of error, let alone plain error.

Finally, Ramon contends that his existing sentence is illegal and, thus, per se plain error. *See United States v. Titties*, 852 F.3d 1257, 1275 (10th Cir. 2017) ("[I]llegal sentences trigger per se, reversible, plain error." (internal quotation marks and citations omitted)). But an erroneous sentence is not per se an illegal one. An

9

"illegal sentence" is one in which the district court imposes a sentence that "exceed[s the] statutory maximum penalty applicable to the offense of conviction[.]" *Brown*, 316 F.3d at 1160 n.4 (internal quotation marks omitted) (quoting *United States v. Jones*, 235 F.3d 1231, 1238 (10th Cir. 2000)). But an erroneous sentence is merely "a wrongly imposed sentence that is under the statutory maximum." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 n.10 (10th Cir. 2005) (citation omitted). Here, Ramon received a sentence within both the prescribed Guidelines range and the statutory maximum. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). Thus, though his sentence was erroneous, it was not illegal.

## CONCLUSION

We hold that the district court erred by requiring Ramon's sentence to run consecutively with a future federal sentence. But because that error was not plain, we affirm the district court.