**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PADDY PLATERO,

    Defendant - Appellant.

No. 19-2193

———————————————————

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:18-CR-01819-MV-1)**
———————————————————

Mallory Gagan, Assistant Federal Public Defender, Office of the Federal Public Defender, Albuquerque, New Mexico, for Appellant.

Nicholas J. Marshall, Assistant United States Attorney (C. Paige Messec, Assistant United States Attorney, John C. Anderson, United States Attorney, with him on the brief), Office of the United States Attorney, Albuquerque, New Mexico, for Appellee.
———————————————————

Before **TYMKOVICH**, Chief Judge, **MURPHY**, and **HARTZ**, Circuit Judges.
———————————————————

**HARTZ**, Circuit Judge.
———————————————————

Defendant Paddy Platero pleaded guilty to a charge of "[a]busive sexual contact" with a child under 12 in Indian country.  18 U.S.C. § 2244; *see id.* § 1153 (offenses in Indian country); *id.* § 2246(3) (definition of *sexual contact*).  In

computing Defendant's guideline sentencing range, the United States District Court for the District of New Mexico increased his base offense level on the ground that "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." USSG § 2A3.4(a)(1).[1] Defendant reads the guideline as requiring a violation of § 2241(a) or (b). Section 2241, however, defines the offense of aggravated sexual abuse, not the lesser offense of abusive sexual contact of which Defendant was convicted. Defendant therefore appeals his sentence, contending that his base offense level should not have been increased.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We reject Defendant's reading of § 2A3.4(a)(1). In context, the only reasonable interpretation of the guideline is that the reference to "conduct described in 18 U.S.C. § 2241(a) or (b)" is a reference to the conduct described in § 2241 that distinguishes aggravated sexual abuse, which is governed by that section, from sexual abuse in general, which is governed by § 2242. (We will refer to the conduct that distinguishes one form of sexual abuse from another as the "means" by which the sexual abuse is committed.) Defendant's interpretation of USSG § 2A3.4(a)(1) must be avoided because it would eliminate any possible application of the provision, rendering it useless; and our interpretation finds support in both the history of § 2A3.4(a)(1) and the statutory scheme, which sets penalties for the various types of abusive sexual *contact* set forth

---

[1] Unless otherwise indicated, all references in this opinion to sentencing guidelines are to those in the 2018 Guidelines Manual, because it is the version in effect when Defendant was sentenced. *See* USSG § 1B1.11(a).

in § 2244 by reference to the conduct that distinguishes from one another the various types of sexual *abuse* prohibited by §§ 2241, 2242, and 2243—that is, by reference to the various *means* employed to commit sexual abuse.

I.      BACKGROUND

On December 22, 2014, Defendant was helping to watch two step-granddaughters—Jane Doe (age 11) and L.D. (13)—at his wife's home in New Mexico. While Jane Doe was sitting in a chair in the living room, Defendant grabbed her feet and used them to rub his erect penis through his clothes. Jane Doe videoed this event on her phone, during which she can be heard to say "stop, stop, stop." R., Vol. 3 at 202.

Jane Doe and L.D. described the incident to their mother, who reported it to police. Defendant was indicted on one count of knowingly engaging in and causing sexual contact with a child under 12. He pleaded guilty to the charge.

The presentence investigation report (PSR) prepared by the probation office calculated Defendant's guideline sentencing range using USSG § 2A3.4. It set the base offense level at 20 under § 2A3.4(a)(1) because "force was involved in the offense." R., Vol. 3 at 197. The PSR explained, "The offense involved the defendant grabbing Jane Doe's legs and then feet and forcibly rubbing her feet against his penis," and "The video shows him pulling and manipulating her legs and feet." *Id.* After applying various adjustments to the base offense level, the PSR assigned Defendant a total offense level of 28. Based on this offense level and Defendant's criminal history, the guideline imprisonment range was 78 to 97 months.

3

At the sentencing hearing the district court accepted the PSR's factual findings and its calculation of the guideline range. Defendant did not object. The court imposed a sentence of 97 months in prison.

## II.     DISCUSSION

Defendant argues that the district court committed reversible error by misapplying USSG § 2A3.4(a)(1) at sentencing. "Because [Defendant] did not object in the district court, we review his argument under the plain-error standard." *United States v. Ramon*, 958 F.3d 919, 920 (10th Cir. 2020). We can reverse under that standard only if we determine that there is "(1) an error, (2) that is plain, which means clear or obvious under current law, . . . (3) that affects substantial rights," and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 921 (internal quotation marks omitted). As we proceed to explain, we disagree with Defendant that the district court erred, and we therefore affirm his sentence without reaching the other three elements of the plain-error test.

We begin by describing the statutory scheme under which this prosecution arose. Chapter 109A of the federal criminal code is entitled "Sexual Abuse." Three sections—18 U.S.C. §§ 2241, 2242, and 2243—set forth sexual-abuse offenses. Each requires engaging in a "sexual act"[2] or attempting or intending to do so. *Id.* They

---

[2] "[T]he term 'sexual act' means—(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify

4

differ in other elements—namely, the means employed to accomplish the sexual act.

For example, the first section of the chapter states:

> **§ 2241. Aggravated sexual abuse**
>
> (a) BY *FORCE OR THREAT*.—Whoever . . . knowingly causes another
>     person to engage in a sexual act—
>     (1) by using force against that other person; or
>     (2) by threatening or placing that other person in fear that any person
>         will be subjected to death, serious bodily injury, or kidnapping;
>     or attempts to do so, shall be fined under this title, imprisoned for
>     any term of years or life, or both.
>
> (b) BY *OTHER MEANS*.—Whoever . . . knowingly—
>     (1) renders another person unconscious and thereby engages in a
>         sexual act with that other person; or
>     (2) administers to another person by force or threat of force, or
>         without the knowledge or permission of that person, a drug,
>         intoxicant, or other similar substance and thereby—
>         (A) substantially impairs the ability of that other person to
>             appraise or control conduct; and
>         (B) engages in a sexual act with that other person;
>     or attempts to do so, shall be fined under this title, imprisoned for
>     any term of years or life, or both.

18 U.S.C. § 2241 (italics added).  Section 2241(c) prohibits engaging in a sexual act

with a child under the age of 12 or (if the offense would otherwise have violated

§ 2241(a) or (b)) with a child between the ages of 12 and 16.  Similarly, the lesser

offense of sexual abuse is committed by causing another person to engage in a sexual

act through a less serious threat or by engaging in a sexual act with an already

---

the sexual desire of any person; or (D) the intentional touching, not through the
clothing, of the genitalia of another person who has not attained the age of 16 years
with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual
desire of any person."  18 U.S.C. § 2246(2).

impaired person.  *See id.* § 2242.[3]  And sexual abuse of a minor or a ward includes

engaging in a sexual act with a child between the ages of 12 and 16, *see id.*

§ 2243(a), and engaging in a sexual act with someone in custody, *see id.* § 2243(b).[4]

---

[3]  Section 2242 states:

> **§ 2242. Sexual abuse**
> Whoever, . . . knowingly—
> (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or
> (2) engages in a sexual act with another person if that other person is—
> (A) incapable of appraising the nature of the conduct; or
> (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;
> or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

[4]  Section 2243 states:

> **§ 2243. Sexual abuse of a minor or ward**
> (a) OF A MINOR.—Whoever, . . . knowingly engages in a sexual act with another person who—
> (1) has attained the age of 12 years but has not attained the age of 16 years; and
> (2) is at least four years younger than the person so engaging;
> or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.
> (b) OF A WARD.—Whoever, . . . knowingly engages in a sexual act with another person who is—
> (1) in official detention; and
> (2) under the custodial, supervisory, or disciplinary authority of the person so engaging;
> or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

Defendant's crime was a violation of § 2244, entitled "Abusive sexual contact," which is committed by engaging in or causing nonconsensual "sexual contact"[5] with or by another person. The severity of the penalty depends on what the offense would have been "had the sexual contact been a sexual act." *Id.* § 2244. For example, if the offense would have violated § 2241(a) or (b) "had the sexual contact been a sexual act," the offender could be sentenced to up to 10 years in prison, *id.* § 2244(a)(1); if the offense would have violated § 2242, the maximum sentence is three years' imprisonment, *see id.* § 2244(a)(2); and if the offense would have violated § 2243(a) or (b), the maximum sentence is two years' imprisonment, *see id.* § 2244(a)(3)–(4). Defendant was convicted of a violation of § 2244(a)(5), which sets a maximum sentence of life if the offense would have violated § 2241(c) (engaging in a sexual act with a child under the age of 12).

The applicable guideline for convictions under §§ 2241 and 2242 is USSG § 2A3.1; the applicable guidelines for § 2243(a) and (b) are §§ 2A3.2 and 2A3.3 respectively; and the applicable guideline for Defendant's conviction under § 2244 is § 2A3.4, entitled, "Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact." *See* USSG App. A at 569. Guideline § 2A3.4, which sets the offense levels for abusive sexual contact, mimics 18 U.S.C. § 2244, which sets the maximum

---

[5] "[T]he term 'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

penalties for abusive sexual contact, by cross-referencing the sexual-abuse statutes in

the Criminal Code. The relevant part of the guideline states:

> (a) Base Offense Level:
>   (1) **20**, *if the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)*;
>   (2) **16**, *if the offense involved conduct described in 18 U.S.C. § 2242*; or
>   (3) **12**, otherwise.
> (b) Specific Offense Characteristics
>   (1) If the victim had not attained the age of twelve years, increase by **4** levels; but if the resulting offense level is less than **22**, increase to level **22**.
>   (2) If the base offense level is determined under subsection (a)(1) or (2), and the victim had attained the age of twelve years but had not attained the age of sixteen years, increase by **2** levels.
>   . . .
> (c) Cross References
>   (1) If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply [USSG] § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse).

§ 2A3.4 (emphasis added). Application Note 2 to the guideline explains that the meaning

of the phrase *conduct described in 18 U.S.C. § 2241(a) or (b)* in § 2A3.4(a)(1) is simply

the means required for sexual abuse to be punishable by § 2241(a) or (b). The note,

tracking the language of § 2241(a) and (b), states:

> For purposes of subsection (a)(1), "***conduct described in 18 U.S.C. § 2241(a) or (b)***" is engaging in, or causing sexual contact with, or by another person by: (A) using force against the victim; (B) threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping; (C) rendering the victim unconscious; or (D) administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct.

§ 2A3.4 cmt. n.2. There is no dispute that Defendant's base offense level of 20 was correctly calculated under the note.

Defendant argues, however, that the application note is invalid because it contradicts the guideline itself. His argument proceeds as follows. To begin with, he notes that § 2241(a), in relevant part, criminalizes "caus[ing] another person to engage in a *sexual act* . . . by using force against that other person." 18 U.S.C. § 2241(a) (emphasis added). He distinguishes § 2241(a)—and its requirement of a "sexual act"—from his own offense of conviction, which requires only "sexual contact." *Id.* § 2244(a)(5). He points out that *sexual act* and *sexual contact* are defined differently in Chapter 109A, *see id.* § 2246(2)–(3); and he observes that although his offense conduct involved sexual contact, it did not involve a sexual act. Therefore, he continues, his offense did not "involve[] conduct described in 18 U.S.C. § 2241(a)." USSG § 2A3.4(a)(1). In short, he reads "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)" to mean "the offense constituted a violation of 18 U.S.C. § 2241(a) or (b)."

Defendant acknowledges that Application Note 2 says that for the purposes of § 2A3.4(a)(1), "conduct described in 18 U.S.C. § 2241(a) . . . is engaging in, or causing *sexual contact* with, or by another person by . . . (A) using force against the victim . . . ." USSG § 2A3.4 cmt. n.2 (emphasis added) (internal quotation marks omitted). But he contends that an application note cannot override the unambiguous text of a guideline and that USSG § 2A3.4(a)(1) is unambiguous. The note, he argues, is therefore "invalid," because "commentary that effectively changes the

9

definition of the applicable statute cannot . . . be authoritative." Aplt. Br. at 6; *see Stinson v. United States*, 508 U.S. 36, 45 (1993) (court should give guideline commentary "controlling weight" unless it "violate[s] the Constitution or a federal statute, . . . [or] it is plainly erroneous or inconsistent with the [guideline]" (internal quotation marks omitted)); *United States v. Keck*, 643 F.3d 789, 800 (10th Cir. 2011) ("[A]lthough the intent of the Sentencing Commission is demonstrated in part through its commentary, a district court is not obliged to follow the explanatory application if it is inconsistent with the Guidelines." (original brackets and internal quotation marks omitted)). Defendant concludes that the district court erred when it calculated his guideline range using the base offense level found in § 2A3.4(a)(1).

We do not dispute Defendant's contention that commentary to a guideline cannot override the unambiguous text. Where we differ from Defendant is that we reject his interpretation of the guideline text. In the abstract—that is, taken out of context—Defendant's interpretation of the guideline is a plausible one, perhaps even the most natural one. But that interpretation has a fatal flaw: under Defendant's interpretation, § 2A3.4(a)(1) would never apply. Section 2244 is the only Chapter 109A offense for which § 2A3.4 is the applicable guideline,[6] *see* USSG App. A, and

---

[6] When the misconduct is similar to a violation of § 2244, a court may use § 2A3.4 as the applicable guideline for violations of 18 U.S.C. § 37 ("Violence at international airports") or 18 U.S.C. § 113(a)(2) ("Assaults within maritime and territorial jurisdiction"). *See* USSG App. A at 554 (Introduction), 558; *id.* § 1B1.2 cmt. n.1.

a violation of § 2244 requires only sexual contact, not the sexual act that Defendant argues is required for application of § 2A3.4(a)(1).

One might surmise that § 2A3.4(a)(1) could apply to a defendant convicted under § 2244 if the defendant's relevant conduct had included a violation of § 2241. *See* USSG § 1B1.1 cmt. n.1(I) (defining *offense* for purposes of the guidelines as "the offense of conviction and all relevant conduct"); *id.* § 1B1.3 (defining *Relevant Conduct*). For example, the sentencing judge might determine that the defendant had in fact violated § 2241 even though the defendant had not been convicted of that offense (perhaps the defendant had never been charged under § 2241, or perhaps such a charge had been dismissed as a result of an acquittal or a plea agreement). But in that event the text of § 2A3.4 explicitly provides that the applicable guideline for computing the offense level for the sexual-contact conviction would be USSG § 2A3.1, not § 2A3.4. The "Cross References" provision in § 2A3.4 states: "If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1." USSG § 2A3.4(c)(1); *see United States v. Castillo*, 981 F.3d 94, 102 (1st Cir. 2020) ("[T]he cross-reference properly can be utilized if the offense of conviction or any relevant conduct— meaning . . . acts committed during the commission of the offense of conviction— involved sexual abuse or an attempt to commit sexual abuse." (internal quotation marks omitted)); *United States v. No Neck*, 472 F.3d 1048, 1052, 1055 (8th Cir. 2007) (although defendant charged with three counts of aggravated sexual abuse under § 2241 was convicted only of the lesser-included offenses of abusive sexual

11

contact under § 2244, district court did not err in applying the § 2A3.4(c)(1) cross-reference to compute defendant's offense level for the three offenses under § 2A3.1 rather than § 2A3.4 because there was sufficient evidence for the court to find by a preponderance of the evidence that the three offenses involved aggravated sexual abuse). Thus, if we were to interpret § 2A3.4(a)(1) as Defendant suggests, it could not apply even to relevant conduct.

We therefore conclude that Defendant's construction of the challenged guideline provision would render that provision a nullity.[7] We have studiously avoided interpretations of the guidelines that render null even just a single word. *See United States v. Collins*, 313 F.3d 1251, 1254 (10th Cir. 2002) (sentencing guideline "must not be interpreted such that . . . part of the provision [is rendered] a nullity"); *see also Loughrin v. United States*, 573 U.S. 351, 358 (2014) (recognizing "the cardinal principle of interpretation that courts must give effect, if possible, to every clause and word of a statute" (internal quotation marks omitted)). To render null an entire provision is unquestionably a bridge too far.

Is there, however, an alternative reasonable interpretation of the guideline provision? We think so. The language to be construed is "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." USSG § 2A3.4(a)(1). If the language were, "the offense involved *the* conduct described in 18 U.S.C. § 2241(a) or

---

[7] Moreover, because Defendant's interpretation means that § 2A3.4(a)(1) and (2) would never apply, it would also nullify § 2A3.4(b)(2), which authorizes an offense-level increase of 2 in limited circumstances if "the base offense level is determined under subsection (a)(1) or (2)."

12

(b)," Defendant's interpretation would be rather difficult to avoid. *Cf., e.g., United States v. Johnman*, 948 F.3d 612, 618 (3d Cir. 2020) (pointing to statute's use of "the definite article 'the'" in holding that "read naturally, 'the assessment' or 'the special assessment' in subsection (b) means the total amount of 'an assessment under subsection (a)'"). But omission of the definite article makes it eminently reasonable to interpret the phrase to refer to some component, some subset, of the full conduct described in each provision. And there is one component that makes perfect sense as the ground on which to base the guideline offense level: the means by which the sexual abuse is accomplished. As discussed above, the means by which the perpetrator causes the other person to engage in a sexual act is what distinguishes each type of sexual abuse set forth in Chapter 109A from the other types. And it is the means employed that determines what the maximum sentence is for abusive sexual contact as set forth in § 2244. By setting the guideline offense level based on the means employed—increasing the offense level when the means employed authorize a higher maximum sentence—Guideline § 2A3.4 reflects the judgment of Congress regarding the relative culpability of defendants who employ those means. We conclude that, in context, the best reading of "conduct described in 18 U.S.C. § 2241(a) or (b)" is *the means by which a perpetrator commits aggravated sexual abuse described in § 2241(a) or (b)*.

The history of the guideline language reinforces our reading. Before 2004, § 2A3.4(a)(1) applied "if the offense *was committed by the means set forth in* 18 U.S.C. § 2241(a) or (b)." USSG App. C, Vol. III at 22 (emphasis added). This

13

earlier language referred (perhaps more clearly than the present language) only to the provisions of § 2241 that distinguish a defendant's culpability based on how he or she obtained submission to the requisite sexual act—that is, by means of force, threats, etc. *See, e.g.*, *United States v. Yates*, 22 F.3d 981, 983, 985 n.4 (10th Cir. 1994) (defendant who pleaded guilty to abusive sexual-contact offense under § 2244(a)(1) properly sentenced using the higher base offense level found in § 2A3.4(a)(1) because of his "use of force"). In other words, the use of force or threats was the "means" by which a perpetrator compelled the "sexual act" proscribed in § 2241; the sexual act itself was not the "means." *See United States v. Breitweiser*, 357 F.3d 1249, 1256 (11th Cir. 2004) (affirming offense-level enhancement under § 2A3.4 based on "finding that the defendant committed the [violation of § 2244(a)(3)] *by means of* threat or fear." (emphasis added)); *United States v. Fulton*, 987 F.2d 631, 632–33 (9th Cir. 1993) (defendant's guideline offense level for sexual-contact offense in violation of § 2244(a)(3) was properly calculated under § 2A3.4(a)(1) because he used force in the commission of his offense and "[t]he means set forth in 18 U.S.C. § 2241(a) or (b) include the use of force against the victim"). So read, the earlier language of § 2A3.4 is squarely in line with our interpretation of the current guideline.

To be sure, the Sentencing Commission changed the "means set forth in" language to the current "involved conduct described in" formulation in November 2004. USSG App. C, Vol. III at 22. The fact of the change might suggest that the Commission meant to change the substance or scope of the guideline as well. But the

Commission's notes explaining the November 2004 amendment provide no indication that the change in language was meant to be substantive as opposed to stylistic. *Id.* at 58–63. More importantly, the application note adopted by the Sentencing Commission along with the amended provisions is substantively identical to its predecessor. *See id.* at 23–24. We include the original language[8] and amended language[9] in footnotes for ready comparison. The only reasonable inference is that the drafters understood the amended language to make no substantive change.

Finally, we take comfort in the fact that the other circuit courts to have considered the issue before us have also interpreted § 2A3.4 as we do here. *See United States v. Maldonado*, 215 F. App'x 938, 941 (11th Cir. 2007) (unpublished) ("[I]f the district court found that Maldonado has used force against the victim, it was required to apply the higher base offense level contained in § 2A3.4(a)(1), defined by

---

[8] The replaced commentary language stated: "'The means set forth in 18 U.S.C. § 2241(a) or (b)' are: by using force against the victim; by threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping; by rendering the victim unconscious; or by administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct." USSG App. C, Vol. III at 24.

[9] The new commentary language states: "Application of Subsection (a)(1).—For purposes of subsection (a)(1), 'conduct described in 18 U.S.C. § 2241(a) or (b)' is engaging in, or causing sexual contact with, or by another person by: (A) using force against the victim; (B) threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping; (C) rendering the victim unconscious; or (D) administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct." USSG § 2A3.4 n.2.

15

reference to section 2241."); *United States v. Anderson*, 494 F. App'x 658, 660 (7th Cir. 2012) (unpublished) ("[T]he [district] court could conclude that the victim's fear helped the defendant commit the offense," so "the application of a base offense level of sixteen [was] not clear error.").[10]

We hold that the district court properly applied USSG § 2A3.4(a)(1) in sentencing Defendant.

## III. CONCLUSION

We **AFFIRM** Defendant's sentence.

---

[10] The government cites *United States v. Sharpfish*, 408 F.3d 507 (8th Cir. 2005), as an additional example of a case that applied § 2A3.4(a)(1) in a sentencing for forcible sexual contact. But the *Sharpfish* defendant pleaded guilty to a charge of aggravated sexual abuse (proscribed by § 2241), not abusive sexual contact (proscribed by § 2244). *See id.* at 509; Sharpfish Aplt. Br. at i; Sharpfish Aplee. Br. at 2. We conclude that it was a scrivener's error when the *Sharpfish* opinion states that the defendant's "use of force led to application of a base offense level of 20 under U.S.S.G. § 2A3.4(a)(1)." 408 F.3d at 510.