FILED
United States Court of Appeals
Tenth Circuit

October 1, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOWELL ANDREW BILLY,

Defendant - Appellant.

No. 20-7001
(D.C. No. 6:15-CR-00042-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Lowell Billy appeals the district court's order revoking his supervised release

and sentencing him to 23 months in prison. Defense counsel filed an *Anders* brief and

moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967)

(stating that if after "conscientious examination" of record, counsel finds appeal

"wholly frivolous," then counsel may move to withdraw and contemporaneously file

"brief referring to anything in the record that might arguably support the appeal").

---

* After examining the brief, pro se filings, and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App.
P. 32.1(a); 10th Cir. R. 32.1(A).

Billy filed a pro se response to the *Anders* brief,[1] and the government declined to file a brief. We have reviewed the *Anders* brief and Billy's pro se filings and have conducted a full examination of the record to determine whether Billy's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we find that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

We begin with the district court's decision to revoke Billy's supervised release. A court "may . . . revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e); *see also United States v. Jones*, 818 F.3d 1091, 1097 (10th Cir. 2016) (explaining that appellate courts review supervised-release revocations for abuse of discretion). And here, Billy admitted that he violated a condition of supervised release when he failed to "follow the instructions of" his probation officer and then absconded from supervision. R. vol. 1, 34. In particular, as the government alleged in the warrant for Billy's arrest, he failed to contact his probation officer for 40 days and his whereabouts were unknown. Accordingly, we agree with defense counsel that any challenge to the revocation of Billy's supervised release would be wholly frivolous.

That leaves Billy's sentence. When reviewing a sentence, we "first ensure that the district court committed no significant procedural error." *Gall v. United States*,

---

[1] Though Billy's response was untimely, we accepted his late filing. We further accepted his letter filed on September 22, 2020.

552 U.S. 38, 51 (2007). And "[i]f the district court's decision is 'procedurally sound,' we 'then consider the substantive reasonableness of the sentence imposed.'" *United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014) (quoting *Gall*, 552 U.S. at 51).

As defense counsel explains in his *Anders* brief, because Billy did not raise any procedural challenge below, he would be required to satisfy our plain-error standard on appeal. *See United States v. Romero*, 491 F.3d 1173, 1177–78 (10th Cir. 2007). And here, there's nothing in the record to indicate any procedural error whatsoever, let alone one that meets our stringent plain-error test. The district court could have sentenced Billy to six to 12 months under the United States Sentencing Guidelines. *See* U.S.S.G. § 7B1.4(a). But the district court was also free to impose a sentence of up to two years under § 3583(e)(3). And we discern no arguable legal or factual error in the district court's decision. It considered the nature and circumstances of Billy's violation along with Billy's history and characteristics and chose to impose a higher, 23-month sentence for this, Billy's fourth supervised-release revocation. *See* 18 U.S.C. § 3553(a)(1). Thus, any procedural challenge to Billy's sentence would be wholly frivolous.

We also agree with defense counsel's *Anders* brief that any challenge to the substantive reasonableness of Billy's sentence would be frivolous. Substantive reasonableness depends on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in [§ 3553(a)]." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United*

3

*States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We apply an abuse-of-discretion standard when reviewing a sentence for substantive reasonableness, "a standard requiring 'substantial deference to district courts.'" *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quoting *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008)). And because Billy's 23-month sentence falls within the statutorily permitted range, we presume his sentence is substantively reasonable. *See Alapizco-Valenzuela*, 546 F.3d at 1215.

Billy "may rebut this presumption by showing that his sentence is unreasonable in light of" the § 3553(a) factors. *Id.* And he attempts to do so in his pro se response, recounting the facts underlying his third and fourth violations of supervised release and then complaining that his sentence is too long. But we see nothing in the record that could elevate Billy's assertion of a too-long sentence from mere complaint to valid substantive-unreasonableness argument. Instead, the record supports the district court's decision to impose the higher sentence based on Billy's history of violating his supervised release. Accordingly, we conclude that any challenge to the substantive reasonableness of Billy's sentence would be wholly frivolous.

Finally, we agree with the *Anders* brief that any challenge to the special condition of supervised release requiring Billy to obtain permission from his probation officer before accessing the internet would be frivolous. We previously rejected such a challenge when Billy appealed from the second revocation of his

4

supervised release. *See United States v. Billy*, 711 F. App'x 467, 474 (10th Cir. 2017) (unpublished).

Because our examination of the record reveals no other nonfrivolous basis for appeal, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court

Nancy L. Moritz
Circuit Judge