**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIO CESAR ALVARENGA,

    Defendant - Appellant.

No. 23-2199
(D.C. No. 2:23-CR-00059-MIS-1)
(D.N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Julio Alvarenga appeals the 12-month sentence imposed in connection with his violation of supervised release. Defense counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (permitting counsel to contemporaneously file motion to withdraw and "brief referring to anything in the record that might arguably support the appeal" if, after "conscientious examination" of the record, counsel finds appeal "wholly frivolous"). Alvarenga did

---

[*] After examining the *Anders* brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

not file a pro se response, and the government declined to file a brief. Based on our review of the *Anders* brief and a "full examination of the record," we conclude the appeal is "wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). We thus dismiss Alvarenga's appeal and grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

## Background

In July 2022, Alvarenga was convicted of unlawful reentry and sentenced to 14 months in prison and two years of supervised release. He was deported to El Salvador that September and apprehended in New Mexico that December. The government charged him with a new unlawful-reentry offense and filed a petition to revoke his supervised release based on the commission of a new crime.

Alvarenga pleaded guilty to the unlawful-reentry charge, admitted violating his supervised release, and asked the district court to impose concurrent sentences of time served—12 months—on each case. After calculating the applicable sentencing ranges under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), the district court adopted the proposed 12-month sentences but ordered them to run consecutively. Alvarenga asked the district court to reconsider that decision in light of his serious health issues, but the district court declined to do so, citing its concerns with his history of violence and drinking, which "ha[ve] put [a] lot of people in danger in the country." R. vol. 3, 16. It therefore sentenced Alvarenga to a total of 24 months in prison, followed by two years of unsupervised release on the unlawful-reentry conviction.

Alvarenga appeals, challenging only the revocation sentence.[1]

## Analysis

Defense counsel asserts that there is no nonfrivolous basis on which to challenge the revocation sentence. We review sentences for both "procedural and substantive reasonableness." *United States v. Patton*, 927 F.3d 1087, 1093 (10th Cir. 2019).

We begin with procedural reasonableness, which examines the methods used to decide a sentence. *See United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014). A district court can commit procedural error by "incorrectly calculating or failing to calculate a Guidelines sentence; treating the Guidelines as mandatory rather than discretionary; failing to consider the statutory sentencing factors from 18 U.S.C. § 3553(a); relying on clearly erroneous facts; or failing to adequately explain the sentence." *Id*. With respect to violations of supervised release, a court must also consider the Chapter 7 "policy statements" that the U.S. Sentencing Commission promulgated in lieu of guidelines. *United States v. Vigil*, 696 F.3d 997, 1002 (10th Cir. 2012). We apply an abuse-of-discretion standard to procedural errors raised below; otherwise, we conduct plain-error review. *See Lucero*, 747 F.3d at 1246.

---

[1] At the sentencing hearing, the district court observed that Alvarenga's "original plea agreement . . . waived his right to appeal the sentence imposed" on his violation of supervised release. R. vol. 3, 15. But because the government has not invoked the appeal waiver, we need not analyze its effect here. *See Calderon*, 428 F.3d at 930–31 (explaining that "waiver is waived when the government utterly neglects to invoke" it).

The record does not reveal any procedural errors, plain or otherwise. The district court correctly calculated the range dictated by Chapter 7 of the Guidelines: 6 to 12 months for a Grade B violation with criminal history category II. *See* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4; 8 U.S.C. § 1326(a). It did not treat the Guidelines as mandatory—in fact, it considered varying upward from them. Nor did it ignore § 3553(a) or the revocation policy statements; on the contrary, it invoked several sentencing factors, including Alvarenga's history and characteristics and the need to protect the public. *See* § 3553(a)(1), (2)(C), (5)(A); *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1265 (10th Cir. 2018) (explaining that district courts need not individually consider each sentencing factor on the record). The district court also did not rely on clearly erroneous facts, as none of the facts underpinning its decision were disputed. And it adequately explained the grounds for the sentence—including its order that it run consecutively—by referencing Alvarenga's prior conduct. *See United States v. McBride*, 633 F.3d 1229, 1234 (10th Cir. 2011) (explaining that district court need only generally state its reasons for imposing revocation sentence that falls within range dictated by Chapter 7 policy statements). As such, there is no procedural basis for appealing Alvarenga's sentence.

We turn next to substantive reasonableness, which scrutinizes "the length of a sentence under an abuse-of-discretion standard." *Ortiz-Lazaro*, 884 F.3d at 1265 (quoting *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010)). "A sentencing decision is substantively unreasonable if it 'exceed[s] the bounds of permissible choice, given the facts and the applicable law.'" *United States v. Chavez*, 723 F.3d

4

1226, 1233 (10th Cir. 2013) (alteration in original) (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)). Additionally, we presume that a revocation sentence that falls within the range suggested by the Chapter 7 policy statements is reasonable. *McBride*, 633 F.3d at 1232–33.

Neither the length of Alvarenga's sentence nor the district court's order that it run consecutively to his other unlawful-reentry case is unreasonable. Both comport with the Chapter 7 policy statements, which set a range of 6 to 12 months and advise courts to impose sentences for violations of supervised release "consecutively to any [other] sentence[s]." U.S.S.G. § 7B1.3(f). And although Alvarenga argued below that a shorter sentence would permit him to receive consistent medical care, he is entitled to medical care no matter where he is held. *See Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976). In sum, neither his health issues nor any other circumstance evident from the record is sufficient to even arguably rebut the presumption of reasonableness afforded to his revocation sentence. *See McBride*, 633 F.3d at 1233.

## Conclusion

Because we see no nonfrivolous grounds for appealing Alvarenga's sentence, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court

Nancy L. Moritz
Circuit Judge

5