FILED
United States Court of Appeals
Tenth Circuit

July 14, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN DWAYNE BERTSCHY,

    Defendant - Appellant.

No. 24-6173
(D.C. No. 5:20-CR-00296-J-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Justin Bertschy appeals his convictions for illegal firearm possession and his resulting 120-month prison sentence. Defense counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if counsel finds appeal "wholly frivolous" based on "conscientious examination of" record, then counsel may move to withdraw and contemporaneously file "brief referring to anything in the record that might arguably support the

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

appeal"). Bertschy did not file a pro se response, despite obtaining an extension of time in which to do so. *See id.* (noting that *Anders* brief should be sent to defendant, who should be allowed time "to raise any points that he [or she] chooses"). The government declined to file a brief. We have reviewed the *Anders* brief and conducted a full examination of the record to determine whether Bertschy's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we find that it is, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

## Background

Bertschy's firearms convictions stem from his conduct on three separate occasions. First, in January 2019, Bertschy drove his vehicle away from law enforcement at speeds over 100 miles per hour, hit a curb, and then fled on foot. After arresting Bertschy, officers found seven firearms in the trunk of the vehicle, along with drugs, cash, and loose gemstones. Then, in February 2020, Bertschy appeared nervous during a traffic stop, so officers patted him down. And after they found heroin in his pocket and a gun in his waistband, Bertschy resisted arrest.

The third incident took place in May 2020, when law enforcement responded to a domestic-violence call about Bertschy attacking his girlfriend. When officers tried to arrest Bertschy either later that day or the next, Bertschy fled, ignored commands from officers, tried to grab something in his pants pocket, and resisted arrest. After completing the arrest, officers found a loaded gun in Bertschy's pocket, learned that the truck in Bertschy's possession was stolen, and found ammunition

2

inside that truck.[1]

A grand jury indicted Bertschy in November 2020, and in January 2022, the district court found Bertschy competent based on the results of a forensic evaluation. The next month, Bertschy pleaded guilty to all three counts without a plea agreement. The presentence investigation report (PSR) set Bertschy's offense level at 29 and criminal-history category at VI, resulting in an advisory sentencing range under the United States Sentencing Guidelines (the Guidelines) of 151 to 188 months. Bertschy and the government agreed, however, that his offense level should be six levels lower because there was no evidence that any of the firearms Bertschy possessed could take a high-capacity magazine. The district court accepted the parties' agreement on this point and set Bertschy's Guidelines range at 92 to 115 months.[2]

Bertschy asked for a downward variance to 64 months, the national average sentence for being a felon in possession, emphasizing his difficult childhood and mental-health struggles. The government asked for an upward variance to 120 months, arguing that Bertschy's "repeated conduct—involving domestic violence, the

---

[1] Aside from these incidents underlying the three charged offenses, law enforcement also found two guns in a vehicle Bertschy was driving during a traffic stop in April 2019 and recovered a firearm allegedly belonging to Bertschy while investigating an assault with a deadly weapon in July 2019. Additionally, when investigating the May 2020 incident, they found a firearm, ammunition, and related gear inside an RV that Bertschy was staying in, as well as a variety of firearms-related gear in a storage locker he rented.

[2] Although Bertschy objected in a cursory fashion to certain facts recited in the PSR about the uncharged assault in July 2019, the incident of domestic violence in May 2020, and his relationship to the RV where a firearm was found, defense counsel acknowledged at sentencing that these objections did not "make any difference in the . . . [G]uideline[s] calculation." R. vol. 3, 35.

unlawful possession of firearms and stolen items, resisting arrest, and fleeing

officers—[wa]s more egregious than the average firearm case." R. vol. 1, 40.

In imposing a sentence, the district court recognized Bertschy's difficult

upbringing and mental-health struggles, but it found such concerns outweighed by

other factors. In support, the district court noted that the nature and circumstances of

Bertschy's offenses were "far more egregious than" a typical felon-in-possession

case, "involving considerable violence, domestic violence, reckless disregard for life,

and a lack of respect for the law and those who are sworn to enforce it." R. vol. 3, 47.

It also expressed concern about Bertschy's "lengthy and alarming criminal history

involving drugs, theft[,] and recklessness." *Id.* And the court stated it was "both

disturbed and perplexed that each time [Bertschy] bonded out of jail—five times, to

be exact—[he] continued to engage in criminal behavior." *Id.* at 47–48. The district

court thus sentenced Bertschy to a five-month upward variance of 120 months in

prison and three years of supervised release on each count, to be served concurrently.

Bertschy appeals.[3]

## Analysis

The *Anders* brief asserts that there is no nonfrivolous basis on which to appeal

---

[3] Bertschy's notice of appeal is from the district court's reentry of judgment, filed after it granted Bertschy's 28 U.S.C. § 2255 motion, which had argued that defense counsel failed to file a notice of appeal despite Bertschy's request that he do so.

Bertschy's convictions or sentence. We agree.

## I.    Convictions

Recall that Bertschy pleaded guilty to the three felon-in-possession counts. Because he did not attack the validity of his plea or seek to withdraw it below, any challenge to his convictions would be subject to plain-error review. *United States v. Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017); *United States v. Vidal*, 561 F.3d 1113, 1118–19 (10th Cir. 2009). Under that standard, a defendant must show a plain error that affects his substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Carillo*, 860 F.3d at 1300. No error, let alone plain error, infected Bertschy's plea.

A guilty plea must be knowing and voluntary. *United States v. Muhammad*, 747 F.3d 1234, 1239 (10th Cir. 2014). To ensure as much before accepting a guilty plea, the district court must advise and question the defendant and determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b). Here, as the *Anders* brief states, the record reflects that the plea was knowing and voluntary and that the district court completed each of the steps set out in Rule 11(b).

To begin, the district court ensured that Bertschy was entering the plea voluntarily. The plea hearing opened with discussion of Bertschy's competency because he was not then taking his two prescribed medications. During the district court's follow-up on this point, Bertschy said that despite not being on his prescribed medication, he could think clearly and could understand and answer the court's questions. The district court then instructed Bertschy to alert the court "if at any time

5

[he] fe[lt] that [he was] not thinking clearly or that [his] thinking [wa]s in some way impaired." R. vol. 3, 11. Any argument that this process was plainly insufficient to ensure Bertschy's plea was voluntary would be frivolous. *Cf. United States v. McIntosh*, 29 F.4th 648, 659 (10th Cir. 2022) (holding that if "defendant tells the district court that he has not been taking his medications *and* specifically indicates that the absence of those medications is impairing his judgment," then "district court must ask *some* follow-up questions" (first emphasis added)).

So would any argument that the district court erred in concluding that Bertschy knowingly and voluntarily entered his plea. Bertschy affirmed that he was pleading knowingly and voluntarily, without threat, and nothing in the record says otherwise. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (explaining that plea is voluntary when defendant is aware of consequences and was neither threatened with nor promised anything). And although defense counsel expressed some concern about Bertschy's competency premised on the medication issue, counsel ultimately stated twice that he believed Bertschy was competent. And as the *Anders* brief stresses, defense counsel also "signed the plea petition verifying his belief that . . . Bertschy's plea was knowingly and voluntarily made" and "informed the court he believed his client fully understood the charges, ranges of punishment[,] and the constitutional rights he will forfeit by entering his plea." Anders Br. 23. Plus, "Bertschy himself never expressed any doubts or unease that cast a shadow on the voluntariness of his plea." *Id.*

The district court also fully and adequately advised Bertschy of his rights. *See*

6

Fed. R. Crim. P. 11(b)(1)(A)–(M). And it confirmed the factual basis for the plea: the government asked Bertschy about each element of his three felon-in-possession charges, and Bertschy replied to those questions in the affirmative. *See Carillo*, 860 F.3d at 1305 ("To determine whether a factual basis exists for the defendant's plea, the district court must compare the conduct admitted or conceded by the defendant with the elements of the charged offense . . . ."). We therefore agree with defense counsel that any challenge to the validity of Bertschy's plea—and therefore his conviction—would be frivolous.

## II.    Sentence

Any challenge to his sentence would similarly come up short. Recall that the district court imposed a 120-month prison sentence—a slight upward variance from Bertschy's Guidelines range—plus three years of supervised release. We review sentences for both "procedural and substantive reasonableness." *United States v. Patton*, 927 F.3d 1087, 1093 (10th Cir. 2019).

Procedural reasonableness assesses the methods a district court uses to decide a sentence. *See United States v. Lucero*, 747 F.3d 1242, 1246 (10th Cir. 2014). Procedural errors can take many forms, such as calculating the Guidelines range incorrectly, "failing to consider the statutory sentencing factors from 18 U.S.C. § 3553(a); relying on clearly erroneous facts; or failing to adequately explain the sentence." *Id.* We apply an abuse-of-discretion standard to procedural errors raised below; otherwise, we conduct plain-error review. *See id.*

The record reveals no procedural errors, plain or otherwise. As the *Anders*

brief highlights, the district court correctly calculated the Guidelines range, thoroughly explained the reasons for its chosen sentence with reference to the § 3553(a) factors, and did not rely on any clearly erroneous facts. There is thus no nonfrivolous argument that Bertschy's sentence is procedurally unreasonable.

Turning next to substantive reasonableness, we review "the length of a sentence under an abuse-of-discretion standard." *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1265 (10th Cir. 2018) (quoting *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010)). "A sentencing decision is substantively unreasonable if it 'exceed[s] the bounds of permissible choice, given the facts and the applicable law.'" *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (alteration in original) (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

Here, given the nature and circumstances of Bertschy's offenses—which involved repeated instances of firearm possession coupled with fleeing from law enforcement, domestic violence, and resisting arrest—there is no nonfrivolous argument that the district court exceeded the bounds of permissible choice in varying five months upward from the top of the Guidelines range to 120 months. The district court considered and weighed possible mitigating factors before doing so, and it even expressed surprise that the government was not seeking a longer sentence based on the severity of Bertschy's conduct. There is thus no nonfrivolous basis for pressing a substantive-unreasonableness argument.

## Conclusion

Because we see no nonfrivolous grounds for appealing Bertschy's convictions

8

or sentence, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court

Nancy L. Moritz
Circuit Judge

9